SOUTHWESTERN BELL TELE-
PHONE COMPANY, L.P. d/b/a
SBC Texas, Appellant,

v.

William C. MITCHELL, Beneficiary
of Louise Mitchell, Decedent,
Appellee.

No. 04–04–00466–CV.

Court of Appeals of Texas,
San Antonio.

Jan. 26, 2005.

Lawrence D. Smith, John J. Franco, Jr., and Virginia C. Honeyman, Maureen McNiece, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., San Antonio, for Appellant.

Alan D. Tysinger, Miller & Tysinger, P.C., San Antonio, for Appellee.

Sitting: CATHERINE STONE, Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

## MEMORANDUM OPINION

Opinion by CATHERINE STONE, Justice.

In *Continental Casualty Co. v. Downs,* the supreme court interpreted the provisions of the Texas Workers' Compensation Act governing when a workers' compensation carrier must notify a claimant that the carrier is refusing to pay benefits. 81 S.W.3d 803, 804 (Tex.2002). The *Downs* court held "a carrier that fails to begin benefit payments as required by the [Texas Workers' Compensation] Act or send a notice of refusal to pay within seven days after it receives written notice of injury has not met the statutory requisite to later contest compensability." *Id.* This case concerns whether the *Downs* decision applies retrospectively to workers' compensation disputes arising before June 6, 2002, the date the supreme court handed down its decision in *Downs.* We hold the supreme court intended its decision to apply retrospectively. Therefore, we affirm the trial court's judgment.

## BACKGROUND

The underlying facts and relevant dates are not disputed by the parties. Southwestern Bell Telephone Company, L.P. d/b/a SBC Texas is a certified self-insured employer under the Texas Workers' Compensation Act. Louise Mitchell worked as a typist for SBC. On August 14, 2000, Mitchell fell ill with Legionnaire's disease. The disease claimed Mitchell's life on August 27, 2000. Mitchell's sole beneficiary was her husband, William Mitchell.

On August 16, 2000, this court was asked to consider whether a workers' compensation carrier who did not either begin to pay benefits or notify the claimant of its refusal to pay benefits until forty-eight days after the date it received the notice of injury waived its right to deny compensability.[1] We held that a "carrier waives its right to deny compensability if it fails to comply with section 409.021(a) of the Texas Labor Code by either agreeing to begin payment of benefits or giving notice of its refusal to pay within seven days after receiving written notice of an injury."[2]

Shortly after we issued our opinion on rehearing in *Downs*, Mitchell filed a claim for workers' compensation benefits on August 23, 2000. Forty-three days later, on October 5, 2000, SBC filed a dispute of compensability with the Texas Workers' Compensation Commission. A benefit review conference was held on November 15, 2002 to mediate the parties' dispute. At the conference, the parties were unable to reach an agreement.

On June 6, 2002, the supreme court affirmed our holding in *Downs*, 81 S.W.3d at 804. Approximately nine months later, on March 10, 2003, a contested case hearing was held before a TWCC hearing officer to decide Mitchell's workers' compensation claim. At the hearing, the hearing officer considered two issues: (1) whether Mitchell sustained a compensable injury on August 14, 2000; and (2) whether SBC waived the right to dispute the compensability of the claimed injury by not contesting the injury in accordance with section 409.021 of the Texas Labor Code.

The hearing officer rendered a decision on March 19, 2003, finding that SBC waived the right to dispute the compensability of Mitchell's injury by not filing its dispute of compensability with the TWCC within seven days of receiving notice of Mitchell's claim as required by *Downs*. Consequently, the hearing officer concluded that Mitchell sustained a compensable injury as a matter of law and ordered SBC to pay death benefits to William Mitchell.[3]

SBC appealed the hearing officer's decision to the TWCC Appeals Panel, arguing the hearing officer erred by retrospectively applying *Downs* to determine SBC waived its right to contest the compensability of Mitchell's claim. The TWCC Appeals Panel issued a decision affirming the hearing officer's decision in all regards. The Appeals Panel further held that the hearing officer did not err in retrospectively applying *Downs*.

On July 8, 2003, SBC filed a petition in district court seeking judicial review of the

---

1. *Downs v. Cont'l Cas. Co.*, 32 S.W.3d 260, 261 (Tex.App.-San Antonio 2000), *aff'd*, 81 S.W.3d 803 (Tex.2002). We originally considered this issue and issued a decision in *Downs* on January 26, 2000. On rehearing, however, we withdrew our opinion and judgment dated January 26, 2000 and issued a substituted opinion and judgment on August 16, 2000.

2. *Downs*, 32 S.W.3d at 264. Continental Casualty Company filed a petition for review with the supreme court and the court granted review on June 7, 2001.

3. The hearing officer noted that Mitchell did not contract her illness during the course and scope of her employment.

decision by the TWCC Appeals Panel. SBC filed a motion for summary judgment requesting the court to determine, as a matter of law, that it had timely contested the compensability of Mitchell's injury and that *Downs* does not apply retrospectively. The trial court denied SBC's motion. William then filed a motion for summary judgment seeking to have the TWCC Appeals Panel's decision affirmed. On May 28, 2004, the court granted William's motion and SBC filed this appeal.

### DISCUSSION

SBC raises two issues on appeal. First, SBC argues the trial court erred by affirming the TWCC's decision because *Downs* does not apply retrospectively. Second, SBC argues the supreme court erroneously interpreted the Texas Workers' Compensation Act and the rules of the TWCC in *Downs*. Thus, SBC requests that we overturn *Downs*.

### General Rule—Case Law Applies Retrospectively

■ As a rule, supreme court decisions apply retrospectively. *Elbaor v. Smith*, 845 S.W.2d 240, 250 (Tex.1992). However, the supreme court has noted that there are exceptions to this general rule "when considerations of fairness and policy dictate prospective effect only." *Id.* To determine whether an exception applies, the supreme court balances the following three factors: "(1) whether the decision establishes a new principle of law by either overruling clear past precedent on which litigants may have relied or by deciding an issue of first impression whose resolution was not clearly foreshadowed; (2) whether prospective or retroactive application of the particular rule will further or retard its operation through an examination of the history, purpose, and effect of the rule; and (3) whether retroactive ap-

plication of the rule could produce substantial inequitable results." *Id.*

■ After reviewing past decisions of the supreme court, it is our opinion that *Downs* applies retrospectively for two reasons. First, the *Downs* court did not include language within its opinion indicating that its holding applied only prospectively. Second, the supreme court has stated that only it has the discretion to determine whether its holdings apply prospectively.

### A. *Downs* does not include language indicating an intent to apply only prospectively.

In the past, when the supreme court has intended for its decision to apply only prospectively, it has clearly expressed its desire in its opinion. For example, in *Elbaor,* the supreme court expressly noted its desire for a prospective application of its holding: "Thus, we declare, as a matter of sound administration and fairness, that this holding shall be applicable only in the present case, to those cases in the judicial pipeline where error has been preserved, and to those actions tried on or after December 2, 1992."). *Id.* at 251. In *Downs,* however, the supreme court omitted language demonstrating an intent for a prospective application of its holding. The court was clearly aware of the significance of its decision when it issued *Downs,* yet it consciously omitted language limiting its application to future cases. *See* 81 S.W.3d at 812 (Jefferson, J., dissenting) ("The Court unjustifiably dispenses with the statute's plain language and enacts a forfeiture provision that the Legislature never promulgated. *In doing so, it alters a fundamental aspect of the Workers' Compensation system that has been applied consistently for more than a decade.* We cannot know today the particular repercussions the Court's decision will unleash . . .") (emphasis added).

**B. The decision of whether to apply supreme court precedent prospectively lies within the discretion of the supreme court.**

In discussing the exception to retroactivity, the supreme court has noted that the decision of whether a supreme court case applies only prospectively lies within the discretion of the supreme court. *Lohec v. Galveston County Comm'rs Court*, 841 S.W.2d 361, 366 n. 4 (Tex.1992). In *Lohec*, the supreme court stated:

> Our decisions operate retroactively unless this court exercises its discretion to modify that application. When determining whether to exercise *our* discretion to modify retroactive application, this court weighs, among other things, considerations of fairness, equity and policy including whether the decision involves an issue of first impression and whether retroactive application could produce substantial inequitable results.

*Id.* (emphasis added).

In *Downs*, the supreme court did not exercise its discretion to modify the general rule that its decisions apply retrospectively. By refraining from exercising its discretion, we must conclude the supreme court intended *Downs* to apply retrospectively. SBC's first issue is therefore overruled.

*An intermediate appellate court may not overrule supreme court precedent.*

 SBC also asks this court to overturn *Downs* because it believes the supreme court erroneously interpreted the Texas Workers' Compensation Act and the rules of the TWCC when it determined *Downs*. However, "[i]t is not the function of a court of appeals to abrogate or modify established precedent. That function lies solely with [the Supreme] Court." *Lubbock County v. Trammel's Lubbock Bail*

*Bonds*, 80 S.W.3d 580, 585 (Tex.2002); *see also Petco Animal Supplies, Inc. v. Schuster*, 144 S.W.3d 554, 565 (Tex.App.-Austin 2004, no pet.) ("As an intermediate appellate court, we are not free to mold Texas law as we see fit but must instead follow the precedents of the Texas Supreme Court unless and until the high court overrules them or the Texas Legislature supersedes them by statute."). Because it is not the province of this court to overturn the decisions of the supreme court, we must overrule SBC's second issue.

CONCLUSION

Based on the foregoing, the judgment of the trial court is affirmed.