Opinion issued July 6, 2007

 






In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00029-CV






SOUTHERN INSURANCE COMPANY, Appellant


V.


MICHAEL S. BREWSTER, Appellee






On Appeal from the 152nd District Court

Harris County, Texas

Trial Court Cause No. 2004-58245





O P I N I O N


 Appellant, Southern Insurance Company, sought judicial review in the trial
court of a decision of the appeals panel of the Texas Workers' Compensation
Commission (TWCC). (1) On modified de novo review, the trial court resolved cross-motions for traditional summary judgment to confirm the duty imposed on Southern
to pay benefits to appellee, Michael Brewster. (2) Southern (the carrier) provides
worker's compensation insurance coverage to Brewster's employer, Spectrum
Corporation. Brewster is a service technician for Spectrum (the employer), which
installs and repairs electronic scoreboards for sports stadiums. The carrier and
Brewster filed cross-motions for summary judgment, and the carrier brings this appeal
to challenge the summary judgment rendered in favor of Brewster. Brewster has filed
a motion to dismiss the appeal for want of jurisdiction, which has been ordered taken
with this case. 

 We deny the motion to dismiss and affirm.

Facts and Procedural Background


 On September 13, 2000, Brewster sustained neck injuries when an 18-wheeler
truck rear-ended Brewster's vehicle as he was driving on Highway 59. The carrier
stipulates that the collision occurred while Brewster was in the course and scope of
employment. Brewster reported the accident to his work supervisor, but no worker's
compensation claim was pursued with the carrier. (3) Brewster sought medical attention
instead through his group insurance coverage. He continued to work, while
undertaking physical therapy treatment, but his neck pain continued, and an MRI
examination of his cervical spine, performed on April 3, 2001, showed that Brewster
had herniated cervical discs and a disc protrusion. While continuing to work and to
receive treatment, he learned in June 2001 that he would likely require surgery. In
June 2001, Brewster sued the driver and owner of the 18-wheeler.

 But Brewster sustained another injury before the scheduled surgery. On July
5, 2001, while he was pulling a cable through a conduit at a worksite, the cable
snapped, and Brewster fell. He immediately felt burning pain all along his spine. He
received pain medication at a hospital emergency room and sought medical attention
several times during the following week for neck and back pain. Brewster sought
medical assistance from a chiropractor, Dr. Al-Sahli, who ultimately concluded that
Brewster had aggravated the neck injury he sustained in the automobile collision and
ordered him not to work.

 On July 11, 2001, Brewster filed with the TWCC a "TWCC-41" notice of claim
of an injury to his "back and neck." In this notice, Brewster stated that the date of
injury was July 5, 2001, and that July 6, 2001 was the first work day that he missed. 
On July 16, 2001, an adjuster for carrier took a statement from Brewster by recorded
telephone interview. During the interview, in response to the adjuster's questions
about prior injuries, Brewster described the back and neck injuries sustained in the
rear-end collision and replied that the injuries were work-related in response to the
adjuster's inquiry. (4) 

 On September 17, 2001, the carrier submitted a "TWCC-21" Notice of
Refused/Disputed Claim to the TWCC. This notice recites that the carrier first
received written notice of Brewster's claim on July 16, 2001. The carrier's notice (1)
challenged whether the July 5, 2001 incident was the producing cause to the injuries
to Brewster's "back/right shoulder and right knee" and (2) denied the back, right
shoulder, and right knee in its [sic] entirety. (5) The carrier investigated and eventually
agreed to compensate Brewster, but limited payments to treatment for his back
injuries and did not compensate for any injuries to his neck from that point forward. 

 With the diagnosis that the July 5, 2001 injury had aggravated the September
13, 2000 injury to his neck, Brewster filed with the TWCC a "TWCC-41" notice of
claim for injuries arising from the September 2000 automobile collision. (6) Brewster
filed this notice on October 26, 2001, and thus beyond the one-year anniversary of the
collision on September 13, 2000, the date of the injury from the truck collision. 
Brewster's notice stated that the date of his injury was September 13, 2000 and
restated that July 6, 2001 was the first work day that Brewster had missed. He
described back and neck injuries, headaches, and nose bleeds arising from the
collision with the 18-wheeler truck on September 13, 2000. It is undisputed that
Brewster's TWCC-41 notice was not timely under Tex. Lab. Code Ann. § 409.003
(Vernon 2006) (imposing duty on employee or person acting on employee's behalf
to file claim for compensation for injury not later than one year after injury); cf., Tex.
Lab. Code Ann. § 409.001(a) (Vernon 2006) (imposing duty on employee to report
injury to employer within 30 days of injury). The carrier has not challenged whether
Brewster complied with the 30-day deadline of section 409.001(a).

 On February 25, 2002, the employer filed a "First Report of Injury" to notify
the carrier of Brewster's September 2000 collision and his resulting injury to
Brewster's "shoulder." The carrier concedes that it did not respond timely to this
notice. See Act of May 12, 1993, 73rd Leg., R.S., ch. 269, § 1, 1119 Tex. Gen. Laws
987, 1195 (amended 2003) (former version) (imposing duty on carrier to either (1)
begin paying benefits or (2) provide notice of refusal to pay benefits within seven
days of receiving "written notice of an injury") (current version at Tex. Lab. Code
Ann. § 409.021(a) (Vernon 2006); see also 25 Tex. Reg. 2096 (to be codified at 28
Tex. Admin. Code § 124.3(a)(2)(B)(3)) (proposed 2000) (amended 2004) (former
version) (describing essentially same duties). (7) It is also undisputed that the carrier did
not assert that the employer's notice of Brewster's September 13, 2000 injury was not
timely. Instead, on March 22, 2002, the carrier filed with the TWCC a "TWCC-21"
Notice of Refused or Disputed Claim" reporting that the carrier had denied owing
Brewster any benefits arising from the September 2000 collision, as follows:

 Carrier admits that claimant was involved in an accident in [the] course
and scope of employment on 09/13/2000. The claimant did not sustain
any disability as there was no lost time from employment. Carrier
denies any and all disability and impairment due to the date of injury of
9/13/2000. Carrier raises issues of extent and duration. 


The TWCC received this notice on March 25, 2002. 


A. Administrative Review Process


 Brewster requested administrative review process to challenge the carrier's
decision to refuse to pay benefits for his neck injuries. Two Benefit-Review
Conference (BRC) hearings took place before the TWCC to address that issue. 
During the first hearing, on July 15, 2002, Brewster's counsel (8) raised an issue
whether the carrier had waived its right to dispute compensability as to the September
2000 injury by not contesting compensability in accordance with the notice
requirements of chapter 28 of the Administrative Code. See 25 Tex. Reg. 2096 (to
be codified at 28 Tex. Admin. Code § 124.3(a)(2)(B)(3)) (amended 2004); see also
Act of May 12, 1993, 73rd Leg., R.S., ch. 269, § 1, 1119 Tex. Gen. Laws 987, 1195
(amended 2003) (imposing same, seven-day opportunity to contest claim). The July
15, 2002 BRC hearing resulted in a ruling that Brewster's "compensable injury does
not extend to and include an injury to the neck." The TWCC appeals panel affirmed
this decision on September 9, 2002. 

 In response to Brewster's request for another BRC hearing to challenge the
carrier's refusal to pay benefits arising from the September 2000 collision, a second
BRC hearing was held on May 5, 2004. Despite not having contested timeliness
earlier and having not provided section 409.021(a) notice under the Labor Code, the
carrier challenged whether Brewster had waived his claim, pursuant to section
409.004 of the Labor Code, by not filing a notice of claim with the TWCC within one
year of the September 13, 2000 injury. See Tex. Lab. Code Ann. § 409.004 (Vernon
2006); see also Tex. Lab. Code Ann. § 409.001, 409.003 (generally requiring,
respectively, that worker notify employer of injury within 30 days of injury, and that
worker or employer notify TWCC of claim within one year of injury). 

 The record of the May 5, 2004 BRC hearing reflects a determination that
Brewster's July 5, 2001 injury constituted a "reaggravation" of his September 13,
2000 injury. The hearing resulted in the following rulings:

 1. [Brewster] sustained a compensable injury on 9/13/00.

 2. The carrier is relieved from liability under Tex. Lab. Code
Ann. § 409.004 because of the claimant's failure to timely
file a claim for compensation with the [TWCC] within one
year of the injury, as required by Tex. Lab. Code Ann. §
409.003.


 3. [Brewster] is not barred from pursuing Texas workers'
compensation benefits because of an election to receive
benefits under a group health insurance policy.


 4. [Brewster's] injury does include an injury to the cervical.


 Brewster challenged these rulings in a TWCC contested-case hearing on July
1, 2004. The record of the this hearing reflects that both Brewster and the carrier
"understood" that the issues decided at the May 5, 2004 hearing would be resolved
at the hearing. The hearing officer reached the same conclusions reached at the BRC
hearing for issues one, three, and four, but reached a different conclusion on the
second issue, concerning the effect of the Brewster's failure to file timely notice of
his claim for compensation (a TWCC-41) for his September 13, 2000 injury within
one year of the injury. See Tex. Lab. Code Ann. § 409.003. The hearing officer
acknowledged the lack of timely filing, but ruled that the carrier was "not relieved
from liability under Tex. Lab. Code Ann. [§] 409.004 because [c]arrier failed to
timely contest compensability of the claim." 

 The carrier appealed this ruling to the TWCC appeals panel, which affirmed
the decision of the contested-case hearing on September 29, 2004. Clarifying certain
dates in the history of the case, the panel determined that February 22, 2002 was the
latest date on which the carrier received Brewster's TWCC-21 notice of injury arising
from the September 2000 injury. In addition, the panel acknowledged that the carrier
disputed Brewster's claim on a TWCC-21 notice of disputed claim that lists July 16,
2001 as the date on which the carrier first received written notice of Brewster's claim
and determined that the earliest date that the carrier disputed Brewster's claim was
March 25, 2002. 

 Rejecting the carrier's contention that the hearing officer at the contested-case
hearing improperly determined that the carrier had not timely contested liability, as
required by section 409.021(a) of the Labor Code, the appeals panel concluded that
"the hearing officer had to determine whether the carrier contested the claimed injury
under [s]ection 409.021, to ultimately determine whether the carrier is relieved of
liability under [s]ection 409.004(2)." By not complying with section 409.021(a),
therefore, the carrier could not assert the section 409.004(2) defense--that Brewster
did not timely file a claim for compensation--and, therefore, was not relieved of
liability under that section. In reaching this conclusion, the appeals panel applied the
reasoning of the majority opinion in Continental Cas. Co. v. Downs, 81 S.W.3d 803
(Tex. 2002). 

C. Judicial Review in the Trial Court

 The carrier sought review in the trial court pursuant to Tex. Lab. Code Ann.
§ 410.258(a) (Vernon 2006). In moving for summary judgment, the carrier restricted
the parties' dispute to the following legal questions: (1) whether Brewster's failure
to file his claim timely barred his recovery of workers' compensation benefits, and
(2) whether Brewster was barred from recovery because he did not present a issue of
carrier waiver at the administrative level. After Brewster filed a cross-motion for
summary judgment, the trial court rendered summary judgment in favor of Brewster
and denied the carrier's motion. After resolving a pending issue concerning
attorney's fees, the trial court rendered final judgment confirming the decision of the
appeals panel. 

Motion to Dismiss--Validity of Judgment


 Brewster has moved to dismiss carrier's appeal on the grounds that the carrier
did not comply with section 410.258(a) of the Labor Code. See Tex. Lab. Code
Ann. § 410.258(a) (Vernon 2006). Section 410.258(a) requires that a copy of any
proposed judgment or settlement be provided to the TWCC (now the DWC) at least
30 days "before the date on which the court is scheduled to enter the judgment or
approve the settlement." Id. "A judgment entered or settlement approved without
complying with the requirement of this section is void." Id.; see Albertson's, Inc. v.
Sinclair, 984 S.W.2d 958, 962 (Tex. 1999). 

 Brewster contends that compliance with section 410.258(a) is mandatory and
jurisdictional. We agree, having recently confirmed this principle in Metro. Transit
Auth. v. Jackson, 212 S.W.3d 797, 800 (Tex. App.--Houston [1st Dist.] 2007, pet.
denied) (citing Albertson's, 984 S.W.2d at 962; Ins. Co. of Pa. v. Martinez, 18
S.W.3d 844, 847 (Tex. App.--El Paso 2000, no pet.). In Jackson, however, both
parties acknowledged the lack of compliance with section 410.258(a). See id. 
Because the failure to notify the TWCC was undisputed and affirmatively
demonstrated by the record, the consequence was that the trial court had no power to
award relief, and the judgment rendered was void, as expressly stated in section
410.258(f) of the Labor Code. Id. at 801 (citing Tex. Lab. Code Ann. § 410.258(f)
(Vernon 2006)); see Tex. Lab. Code Ann. § 410.257(a), (f) (Vernon 2006). 

 In contrast to the Jackson case, the record of this case demonstrates compliance
with section 410.258(a). Brewster does not dispute that the face of the final judgment
signed in this case on November 11, 2005 recites that,

 A copy of this judgment having been served by certified mail,
return receipt requested, upon the Executive Director, Texas Workers'
Compensation Commission, at least thirty (30) days before entry of this
final judgment, and the Texas Workers' Compensation Commission
having filed no intervention in this matter within thirty-one (31) days of
receipt of this judgment, pursuant to Texas Labor Code [§] 410.258[,]
the Court hereby enters final judgment as set forth that Plaintiff
Southern Insurance Company is liable for benefits as provided by this
Final Judgment and otherwise set forth by law to Defendant, Michael
Brewster.


 In protesting that this recital is false, Brewster has attempted to demonstrate
that the carrier, who submitted this proposed judgment form to the trial court, did not,
despite the recital, provide the required copy to the TWCC. In view of the recital,
however, Brewster cannot rely on the record to support his contention. Brewster
relies instead on a sworn Certification of No Records Found, as executed by the DWC
(formerly TWCC) custodian of records on January 18, 2006, who avers that a
proposed copy of the judgment signed by the trial court on November 11, 2005 was
not provided to the DWC 30 days before that date.

 As confirmed in Jackson, however, when a trial court renders judgment without
compliance with section 410.258(a), the judgment is a legal nullity. Jackson, 212
S.W.3d at 803-04. Because the judgment is a legal nullity, the trial court retains
plenary power to set it aside. Id. A void judgment need not be appealed for it to be
declared void. See id. at 803 n.3 (citing Fulton v. Finch, 346 S.W.2d 823, 830 (Tex.
1961)). 

 But, the record before us does not establish that the judgment is void. As
section 410.257 of the Labor Code recognizes, in stating that "a judgment entered by
a court on judicial review of an appeals panel decision . . . must comply with all
appropriate provisions of the law[,] . . . [a] judgment that on its face does not comply
with this section is void." Tex. Lab. Code Ann. § 410.257(a), (f) (emphasis added). 
As demonstrated by the excerpt above, the face of the judgment in this case reflects
compliance with section 410.258(a) and not lack of compliance. 

 Well-settled law compels that we presume that proceedings in the trial court,
as well as its judgment, are regular and correct. See McElyea v. Parker, 81 S.W.2d
649, 653 (Tex. 1935) (holding that all that is not contradicted by the record must be
presumed in favor of the judgment); Gen. Elec. Capital Assurance Co. v. Jackson,
135 S.W.3d 849, 853 (Tex. App.--Houston [1st Dist.] 2004, pet. denied); see also
Casillas v. State Office of Risk Mgmnt., 146 S.W.3d 735, 738 (Tex. App.--El Paso
2004, no pet.) ("We presume the regularity of a judgment absent controverting matter
in the record.") (emphasis added; decided in context of claim of lack of compliance
with section 410.258 of Labor Code, for judgment that contained no recitals
concerning compliance with 410.258(a)); Ins. Co. of Pa. v. Orosco, 170 S.W.3d 129,
134 (Tex. App.--San Antonio 2005, no pet.) (same); In re B.D., 16 S.W.3d 77, 80
(Tex. App.--Houston [1 Dist.], 2000. pet. denied) (applying presumption of
regularity to recital that "due notice has been issued to all parties" for transfer of
juvenile to prison); Vickery v. Comm'm for Lawyer Discipline, 5 S.W.3d 241, 251
(Tex. App.--Houston [14th Dist.] 1999, pet. denied) (stating that all reasonable
presumptions must be indulged to uphold binding effect of judgment, whether attack
on judgment is direct or collateral). 

 The presumption of regularity applies only when the record does not controvert
the presumption. Casillas, 146 S.W.3d at 738. In accordance with the presumption,
the complaining party carries the burden to establish why we may not apply the
presumption. See Vickery, 5 S.W.3d at 252; Garza v. Tex. Alcoholic Bev. Comm'n,
83 S.W.3d 161, 166 (Tex. App.--El Paso 2000), aff'd, 89 S.W.3d 1 (Tex. 2002). 
Because the record does not controvert the presumed regularity of the recitals in the
judgment here, Brewster relies on independent proof, in the form of the certification
by DWC custodian, that a copy of the judgment signed on November 11, 2005 was
not provided 30 days before that date. If the judgment were void for that reason,
however, the invalidity of the judgment was properly a matter for the trial court,
which would have continuing, plenary jurisdiction to set it aside, and this Court
would have no jurisdiction over the carrier's appeal. See Jackson, 212 S.W.3d at
803-04. Had Brewster chosen to direct his jurisdictional challenge to the trial court
and provided the DWC custodian's certification, the record on appeal would properly
have encompassed that evidence if the trial court had denied Brewster's challenge. 
See Tex. R. App. P. 34.5 (contents of appellate record). 

 Despite the compliance with section 410.258(a) recited on the face of the
judgment, however, and although a void judgment need not be appealed for it to be
declared void, see Jackson, 212 S.W.3d at 803 n.3, Brewster did not attempt to
establish in the trial court that the recitals in the judgment challenged by the carrier
in this appeal are incorrect and that the judgment is, therefore, void and has not
shown why he did not present the DWC certification to the judicial officer who
signed the allegedly void instrument. Instead, Brewster relies on proof that goes
beyond the record on appeal, yet could have readily been made part of that record,
and to controvert the judgment's recitals. Under these circumstances, well-settled law
compels that we decline to exercise the authority granted us by section 22.220(c) of
the Government Code to consider matters beyond the record in ascertaining our
jurisdiction. See Tex. Gov't Code Ann. § 22.220(c) (Vernon 2004). See Casillas,
146 S.W.3d at 738-39 (also declining to consider non-record proof, citing same). 

 We deny Brewster's motion to dismiss for lack of jurisdiction and address the
merits of the carrier's challenge on appeal. 

Which Controls--Downs Waiver by Carrier or Lack of Notice by Brewster?


 The carrier contends that the trial court erred by granting Brewster's motion for
summary judgment and by denying the carrier's motion for summary judgment, thus
confirming the decision of the appeals panel on judicial review, because Brewster
waived any right to seek workers' compensation benefits by not timely filing notice 
of his claim with the TWCC, as required by section 409.004 of the Labor Code. 
Brewster contends that Continental Cas. Co. v. Downs, 81 S.W.3d 803 (Tex. 2002),
controls and that the trial court ruled correctly, because the carrier waived any right
to rely on section 409.004 as a defense to liability by neither contesting Brewster's
claim, nor beginning payments to him, within seven days of receiving notice of
Brewster's injury, as required by the versions of the Labor Code and chapter 28 of the
Administrative Code that applied to Brewster's pre-2003 claim. See Act of May 12,
1993, 73rd Leg., R.S., ch. 269, § 1, 1119 Tex. Gen. Laws 987, 1195 (amended 2003)
(current version at Tex. Lab. Code Ann. § 409.021(a)); 25 Tex. Reg. 2096 (to be
codified at 28 Tex. Admin. Code § 124.3(a)(2)(B)(3)) (proposed 2000) (amended
2004). We agree with Brewster. 

 Standard and Scope of Review


A. Judicial Review of Compensability--Modified De Novo

 The administrative and judicial processes of this case address compensability
under the Labor Code for the injuries Brewster sustained in his on-the-job injury on
September 13, 2000. See Downs, 81 S.W.3d at 804 (categorizing refusal to pay
benefits as issue of compensability). We review TWCC appeals panel decisions on
issues pertaining to "compensability or eligibility for or the amount of income or
death benefits" under the modified, de novo standard that controls review in the trial
court. We construe administrative rules, which have the same force as statutes, in the
same manner as statutes, and we must ensure that the agency, here the TWCC, has
interpreted its rules in harmony with its enabling statute. See Rodriguez v. Serv.
Lloyds Ins. Co., 997 S.W.2d 248, 254 (Tex. 1999); Continental Cas. Co. v. Rivera,
124 S.W.3d 705, 710 (Tex. App.--Austin 2003, pet. denied). As applied to this case,
we must ensure that the TWCC interpreted the regulations regarding notice of
disputed claim by the carrier of section 124.3(a)(2)(B)(3) of chapter 28 of the
Administrative Code in accordance with section 409.021(a) of the Labor Code. See
25 Tex. Reg. 2096 (to be codified at 28 Tex. Admin. Code § 124.3(a)(2)(B)(3))
(amended 2004); Act of May 12, 1993, 73rd Leg., R.S., ch. 269, § 1, 1119 Tex. Gen.
Laws 987, 1195 (amended 2003) (former version) (imposing same, seven-day
opportunity to contest claim). In addition, and in accordance with the Code
Construction Act, we must defer to the TWCC's interpretation of its own rules, as
long as its interpretation is reasonable. See Rodriguez, 997 S.W.2d at 257 (Philips,
C.J., concurring ) (citing Tex. Gov't Code Ann. § 311.023(6) (Vernon 2006)); Pub.
Util. Comm'n v. Gulf States Util. C., 809 S.W.2d 201, 207 (Tex. 1991)). 

B. Cross-Motions for Summary Judgment

 We review all summary judgments de novo. Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005). Because both parties filed traditional motions for
summary judgment under rule 166a(c), the usual standard of review for these
judgments applies. See Tex. R. Civ. P. 166a(a)-(c); Randall's Food Mkts., Inc. v.
Johnson, 891 S.W.2d 640, 644 (Tex. 1995). When, as here, both parties move for
summary judgment, the appealing party may challenge the denial of its own motion
as well as the judgment in favor of the prevailing party. CU Lloyd's of Texas v. A.
Feldman, 977 S.W.2d 568, 569 (Tex. 1998). We review the summary judgment
evidence of both parties, determine all questions presented, and render the judgment
that the trial court should have rendered. FM Props. Operating Co. v. City of Austin,
22 S.W.3d 868, 872 (Tex. 2000); see also Ins. Co of Pa. v. Hartford Underwriters
Ins. Co., 164 S.W.3d 747, 748-49 (Tex. App.--Houston [14th Dist.] 2005, no pet.)
(stating cross-motion standards in similar context of appeal from judicial review of
appeals-panel decision construing section 409.021(a) of Labor Code). 

C. Scope of Judicial Review

 We first address the carrier's preliminary contention that we may not address
Brewster's section 409.021(a), or "Downs" waiver, contentions because he did not
present them during the administrative process and, therefore, waived reliance on
Downs waiver by the carrier. We do not agree.

 In a trial to the court on judicial review pursuant to Tex. Lab. Code Ann. §§
410.301-.308 (Vernon 2006) and the modified de novo standard, the trial court
properly considered the decision of the appeals panel, as certified by the TWCC, in
accordance with Tex. Lab. Code Ann. § 410.304(a), (b). See Nat'l Liab. & Fire Ins.
Co. v. Allen, 15 S.W.3d 525, 528 (Tex. 2000). Trial on judicial review is "limited to
issues decided by the commission appeals panel and on which judicial review is
sought." Tex. Lab. Code Ann. § 410.302 (emphasis added); see Krueger v. Atascosa
County, 155 S.W.3d 614, 619-20 (Tex. App.--San Antonio 2004, no pet.) (holding
that claimant could not assert Downs waiver contention in trial court, having not
raised issue before appeals panel); Trinity Universal Ins. Co. v. Berryhill, No. 14-03-00629-CV, 2004 WL 744417, *2-3 (Tex. App.--Houston [14th Dist.] April 8, 2004,
no pet.) (mem. op.) (same); see also Hefley v. Sentry Ins. Co., 131 S.W.3d 63, 65-66
(Tex. App.--San Antonio 2003, pet. denied) (holding that trial court properly struck
pleadings asserting Downs waiver contention not raised before appeals panel). 

 The issues decided by the appeals panel are those decided in the contested-case
hearing, as developed by the record of that hearing. Tex. Lab. Code Ann. § 410.203. 
The hearing officer at the contested-case hearing is limited, in turn, to issues raised
at a BRC. Tex. Lab. Code Ann. § 410.151. See Tex. Workers' Comp. Ins. Fund v.
Simon, 980 S.W.2d 730, 734 (Tex. App.--San Antonio, 1998, no pet.); Cardenas v.
Continental Ins. Co., 960 S.W.2d 401, 403 (Tex. App.--Corpus Christi 1998, pet.
denied) (waiver claim must be preserved at BRC). 

 The administrative-review process of this case establishes that Brewster
preserved his issues and that the carrier's "waiver of the waiver" contention lacks
merit. At the BRC conducted on July 15, 2002, Brewster's counsel challenged
whether the carrier could properly contest compensability, having not contested
liability within the seven-day period established by section 124.3 of the
Administrative Code. See 25 Tex. Reg. 2096 (to be codified at 28 Tex. Admin. Code
§ 124.3(a)(2)(B)(3)) (amended 2004).; see also Tex. Lab. Code Ann. § 409.021(a)
(authorizing statute for code provision); Downs, 81 S.W.3d at 805-06 (establishing
Downs waiver principle by applying section 409.021(a)). 

 As the record further reflects, the second BRC, conducted on May 5, 2004,
resulted in a ruling that the carrier was "relieved from liability" under section 409.004
of the Labor Code because Brewster had not filed his claim within one year of the
September 13, 2001 rear-end collision in which he was injured. Brewster then
challenged that determination at the contested-case hearing on July 1, 2004. The
record of that hearing reflects the parties' stipulation that the issues to be addressed
encompassed that determination. The record of the contested-case hearing reflects
the hearing officer's contrary determination--that the carrier was not relieved of
liability because it had not timely contested compensability. And the appeals panel
affirmed that ruling, reasoning that the hearing officer could not determine whether
any late notice by Brewster relieved the carrier of liability under Labor Code, section
409.004(2) without deciding whether the carrier had timely contested Brewster's
claim, as required by the supreme court's interpretation, in Downs, of the duty
imposed on the carrier by section 409.021(a) of the Labor Code. 

 To summarize, the record of the summary judgment proceedings in the suit for
judicial review demonstrate the following. As recited on the face of the appeals-panel
opinion, the panel "decided" Brewster's section 409.021(a), or Downs waiver, issue. 
See Tex. Lab. Code Ann. § 410.302. The record further demonstrates, not only that
Brewster raised the carrier's lack of compliance with section 409.021(a) at a BRC
hearing, Tex. Lab. Code Ann. § 401.151, but also that the appeals panel deemed that
issue joined because of the carrier's contention, at the previous BRC and contested-case hearing, that the lack of compliance with section 409.004(2) by Brewster, as
demonstrated by the record, relieved the carrier of any duty to pay benefits. 

 Accordingly, we do not conclude that Brewster waived his Downs waiver
contention and further conclude, therefore, that the scope of our and the trial court's
review, as dictated by section 410.151 of the Labor Code, encompasses the
substantive legal consequences of the carrier's lack of compliance with section
409.021(a).

No Contest by Carrier Bars Carrier's Reliance on Claimant's Lack of Notice


 The version of section 409.021 of the Labor Code that governs Brewster's
claim states the carrier's obligations after receiving a notice of injury, as follows:

 (a) An insurance carrier shall initiate compensation . . . promptly. Not
later than the seventh day after the date on which an insurance carrier
receives written notice of an injury, the insurance carrier shall:


 (1) begin the payment of benefits as required by this subtitle; or

(2) notify the commission and the employee in writing of its refusal to
pay and advise the employee of:

 (A) the right to request a benefit review conference; and

(B) the means to obtain additional information from the commission.
...


 (c) If an insurance carrier does not contest the compensability of an
injury on or before the 60th day after the date on which the insurance
carrier is notified of the injury, the insurance carrier waives its right to
contest compensability. The initiation of payments by an insurance
carrier does not affect the right of the insurance carrier to continue to
investigate or deny the compensability of an injury during the 60-day
period.


Act of May 12, 1993, 73rd Leg., R.S., ch. 269, § 1, 1119 Tex. Gen. Laws 987, 1195
(amended 2003) (current version at Tex. Lab. Code Ann. § 409.021) (emphasis
added). (9)

 As construed in Downs, section 409.021(a) imposes a mandatory duty on the
carrier to perform either of the options listed in the statute. Downs, 81 S.W.3d at
806-07. Within seven days of notice of an injury, a carrier must either (1) initiate
benefits or (2) file a notice of refusal. See id. at 806. Taking either action within
seven days of receiving notice of injury entitles the carrier to a 60-day period in
which to investigate or deny compensability. See id. at 807; see also Downs v
Continental Cas. Co., 32 S.W.3d 260, 263 (Tex. App.--San Antonio 2000), aff'd, 81
S.W.3d 803 (Tex. 2002) (determining that Legislature "sought to encourage a carrier
uncertain of the compensability of an injury to pay the benefits pending a full
investigation of the claim"). 

 Conversely, if a carrier neither initiates benefits, nor files a notice of refusal
within seven days of receiving notice of injury, the carrier may not contest
compensability. See Downs, 81 S.W.3d at 807. The consequences of inaction by the
carrier within the statutory seven-day, pay-or-dispute, deadline are thus two-fold: the
carrier is (1) obligated to pay benefits and (2) may not avail itself of the section
409.021(c) 60-day period in which to investigate or deny compensability. See id.; see
also Ins. Co. of Pa. v. Hartford Underwriters Ins. Co., 164 S.W.3d at 749 (applying
Downs reasoning) (10); State Office of Risk Management v. Peeples, No. 07-04-00408-CV, 2006 WL 2056684 (Tex. App.--Amarillo 2006, pet. denied) (mem. op.) (same);
S.W. Bell Tel. Co. v. Mitchell, No. 04-04-00466-CV, 2005 WL 154203 (Tex.
App.--San Antonio 2005) (mem op.), pet. granted Feb. 24, 2006) (same; also holding
that Downs applies retroactively).

 As the appeals panel determined, and the carrier did not dispute in the trial
court, the latest date on which the carrier received notice of Brewster's September 13,
2000 injury was February 22, 2002. (11) Further, the earliest date that the carrier
disputed Brewster's claim was March 25, 2002. The March 25, 2002 notice of
disputed claim was issued more than seven days after February 22, 2002 and was,
therefore, not timely under section 409.021(a) and Downs. 

 We further hold that the trial court properly rejected the carrier's reliance on
the lack of compliance with claimant duties by Brewster, as demonstrated by the
record, and, like the appeals panel, deemed the issue of lack of compliance with the
section 409.004(2) by Brewster, as demonstrated by the record, properly joined to the
issue of the carrier's duty to pay or dispute under section 409.021(a). 

 A claimant's failure to comply with section 409.003 by timely filing a claim
for compensation with the TWCC division will not relieve either the employer or the
carrier of liability to pay benefits unless (1) good cause exists for failure to file a
claim in a timely manner; or (2) the employer or the employer's insurance carrier does
not contest the claim. Tex. Lab. Code Ann § 409.004; see Act of May 12, 1993,
73rd Leg., R.S., ch. 269, § 1, 1119 Tex. Gen. Laws 987, 1195 (amended 2003)
(current version at Tex. Lab. Code Ann. § 409.021(a)) (governing timely contest by
carrier). Considering sections 409.004(2) and former 409.021(a) together compels
the conclusion that by not timely contesting Brewster's claim on a timely basis under
former section 409.021(a) once it was received on February 22, 2002, the carrier may
not avoid the consequences of its lack of compliance by relying on the lack of
compliance by Brewster, as demonstrated by the record, with section 409.003. 

 We hold that the trial court properly rendered summary judgment in favor of
Brewster and properly denied the carrier's motion, and we overrule the carrier's sole
issue. 


Conclusion


 We deny the carrier's motion to dismiss and affirm the judgment of the trial
court.



 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Jennings and Bland.
1. The TWCC is now known as the Texas Department of Insurance Division of
Workers' Compensation (DWC). See Tex. Lab. Code Ann. § 402.001(b) (Vernon
2006). 
2. The appeals panel relied on Continental Cas. Co. v. Downs, 81 S.W.3d 803 (Tex.
2002), a five-four decision that the supreme court has been asked to overrule
expressly by the petition for review granted in S.W. Bell Tel. Co. v. Mitchell, No. 04-04-00466-CV, 2005 WL 154203 (Tex. App.--San Antonio Jan. 26, 2005) (mem. op.),
pet. granted Feb. 24, 2006); see also State Office of Risk Management v. Peeples, No.
07-04-00408-CV, 2006 WL 2056684 nn.1-2 (Tex. App.--Amarillo July 25, 2006,
pet. denied) (mem. op.) (describing controversy as "another involving the 'Downs
waiver'" and noting Mitchell case). 
3. Brewster has consistently maintained that his employer instructed him to seek medical
attention through the company's group health-insurance coverage, and that he was not
aware of potential workers' compensation recovery until after he sustained a second
work-related injury on July 5, 2001 and learned, during treatment for that injury, of
the need to notify the TWCC, of any work-related injury and promptly provided
notice of that injury. Under the Labor Code, the duty to notify the TWCC of injury
is imposed on both the claimant and the employer. See Tex. Lab. Code Ann. §
409.003 (Vernon 2006).
4. The carrier attempted once to exclude this evidence during the review process, but did
not succeed.
5. The record contains a notice of disputed claim filed by a different carrier on March
22, 2003, which was initially, but erroneously, attributed to carrier. 
6. The record shows that Brewster understood that his counsel had previously filed a
workers' compensation claim based on the September 2000 collision in August 2001.
7. Section 409.021(a) has been amended to allow a carrier 15 days to initiate benefits or
notify the commission and the claimant of its refusal to pay benefits. See Act of May
12, 1993, 73rd Leg., R.S., ch. 269, § 1, 1119 Tex. Gen. Laws 987, 1195 (amended
2003) (current version at Tex. Lab. Code Ann. § 409.021(a) (Vernon 2006)); see also
25 Tex. Reg. 2096 (to be codified at 28 Tex. Admin. Code § 124.3(a)(2)(B)(3))
(proposed 2000) (amended 2004). But, the amendments apply only to injuries
occurring on or after September 1, 2003. See Act of May 28, 2003, 78th Leg., R.S.,
ch. 1100, § 1, 2003 Tex. Gen. laws 3162, 3162 (to be codified at Tex. Lab. Code
Ann. § 409.021(a) (Vernon 2006)). Accordingly, the versions of section 409.021 of
the Labor Code and section 124.3(a)(2)(B)(3) of chapter 28 of the Administrative
Code in effect at the time of Brewster's September 2000 injury govern his claim. 
8. This was the last time during the administrative process that Brewster appeared
through counsel. He was assisted by TWCC ombundsmen through the remaining
steps. 
9. As amended after Downs, the statute provides that a carrier that fails to comply with
section 409.021(a) does not waive the right to contest the compensability, but
commits an administrative violation. See Tex. Lab. Code Ann. § 409.021(a-1).

10. We distinguish Ins. Co of Pa. v. Hartford Underwriters Ins. Co., 164 S.W.3d 747
(Tex. App.--Houston [14th Dist.] 2005, no pet.), decided by our sister court, because
it involved a carrier that began paying benefits to a claimant on a timely basis,
pursuant to Labor Code, section 410.021(a), but did not contest compensability before
the 60-day deadline of section 410.021(c). See 164 S.W.3d at 750.
11. It is undisputed that Brewster filed with the TWCC a TWCC-41 notice of injury for
the September 13, 2000 injury on October 26, 2001, and thus beyond the one-year
deadline of Tex. Lab. Code Ann. § 409.003. But, the carrier claimed that it did not
receive any notice of the September 13, 2000 injury from the TWCC until February
22, 2002. The appeals panel based its determination that February 22, 2002 was the
latest date on which the carrier had notice on this concession by the carrier. The
appeals panel did not address, therefore, Brewster's having demonstrated that he filed
his section 409.003 (TWCC-41) notice with the TWCC on October 26, 2001, or that
he provided timely notice of his injury to his employer, in accordance with section
409.001(a).