Opinion issued April 19, 2016



In The

# Court of Appeals

For The

## First District of Texas

_____

NO. 01-15-00464-CV

_____

**ANDREW PATTERSON, Appellant**

**V.**

**TRANSCONTINENTAL INSURANCE COMPANY, Appellee**

On Appeal from the 129th District Court
Harris County, Texas
Trial Court Case No. 2013-01531

## MEMORANDUM OPINION

In this judicial proceeding challenging an administrative decision of the

Texas Department of Insurance Division of Workers' Compensation, Andrew

Patterson appeals a no-evidence summary judgment denying his request for

supplemental income benefits (SIBs) that the Department also had denied. We affirm.

## BACKGROUND

In 2002, Andrew Patterson suffered an injury when he fell down a flight of stairs. Patterson was assigned an impairment rating of fifteen percent, which entitled him to SIBs if he complied with statutory work search requirements. *See* TEX. LAB. CODE ANN. §§ 408.1415, –.142 (West 2015). Patterson applied for and was granted SIBs for the first quarter of his injury. However, his applications for SIBs for the second through fourth quarters following the injury were denied in September 2006. In a subsequent administrative hearing, an administrative appeals panel upheld the denial of SIBs for these quarters. Later judicial review before a state district court confirmed the decision.

Patterson then challenged his impairment rating. After another contested hearing, the hearing officer increased his impairment rating to twenty-one percent. The appeals panel affirmed the hearing officer's decision.

Patterson then again applied for SIBs for the fifth through twenty-fifth quarters following his injury. At the administrative hearing, the hearing officer found that Patterson did not timely file his applications for SIBs for these quarters, but the filing deadline was excused because Patterson's impairment rating had increased. *See* 28 TEX. ADMIN. CODE § 130.105 (2016). The officer also found

that Transcontinental had waived any challenge to the SIBs. The hearing officer noted, however, that if she had reached the merits of Patterson's claim, she would have denied it due to Patterson's failure to comply with the work search requirements of the statute. *See* TEX. LAB. CODE ANN. § 408.142.

The appeals panel reversed the hearing officer's decision in part, because the statute waives the filing deadline only if the applicant's initial impairment rating is increased from less than fifteen percent to fifteen percent or more. *See* 28 TEX. ADMIN. CODE § 130.105(a)(3). Patterson's initial rating was fifteen percent, so the filing deadline remained in effect. Relying on the hearing officer's fact findings, the appeals panel held that Patterson had failed to establish that any of his later applications were timely filed and that Transcontinental had not waived its challenge to his failure to timely apply for SIBs for those quarters. *See id.* § 130.104(c) (requiring that application for SIBs be filed seven days before the beginning of the quarter for which SIBs are sought).

Patterson seeks judicial review of this appeals panel's decision in this suit. The trial court granted Transcontinental's no-evidence motion for summary judgment, rejecting Patterson's challenge to the appeals panel's decision. On appeal from the trial court, Patterson challenges the trial court's jurisdiction, contending that Transcontinental failed to submit a proposed judgment to the Department of Insurance before entry of any judgment, as required by statute. *See*

3

TEX. LAB. CODE ANN. § 410.258(a).  He further contends that the trial court erred in granting summary judgment.

## DISCUSSION

### I.  Jurisdiction

Section 410.258 of the Labor Code requires a party who sought judicial review of an administrative appeals panel's decision to submit any proposed judgment to the Department at least thirty days before judgment is scheduled to be entered.  TEX. LAB. CODE ANN. § 410.258(a).  Any judgment entered without this notice is void.  *Id.* § 410.258(f); *Metro. Transit Auth. v. Jackson*, 212 S.W.3d 797, 801 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).

We presume, however, that the judgment of the trial court is regular and correct.  *S. Ins. Co. v. Brewster*, 249 S.W.3d 6, 13 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (citing *McElyea v. Parker*, 81 S.W.2d 649, 653 (Tex. 1935)); *Casillas v. State Office of Risk Mgmt.*, 146 S.W.3d 735, 738 (Tex. App.—El Paso 2004, no pet.).  In accordance with this presumption, a party challenging the trial court's judgment must demonstrate any irregularity in the judgment under review from the trial court record.  *See Brewster*, 249 S.W.3d at 14.

The trial court's final judgment bears two stamps indicating that it was received by the Department on December 15, more than a month before it was signed on January 26.  It also recites that "notification to the [Department] was

made pursuant to Texas Labor Code § 410.258." Thus, the record reflects that the Department received notice of the proposed judgment. Patterson nevertheless insists that a document exists in which the Department certified that a search of its records could not locate notice of the proposed judgment. Patterson has not identified this document in the record, nor has he presented it to us under our authority to consider matters beyond the record in determining our jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.220(c) (West 2004); TEX. R. APP. P. 38.1(i); *Brewster*, 249 S.W.3d at 14. We conclude that Patterson has failed to rebut the presumption that the judgment is valid; thus, the trial court had jurisdiction to render its judgment. TEX. LAB. CODE ANN. § 410.258(a); *Brewster*, 249 S.W.3d at 13; *Casillas*, 146 S.W.3d at 738.

## II. Summary Judgment

Patterson next contends that the trial court erred in granting Transcontinental's no-evidence summary judgment motion. We review a trial court's grant of summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). When reviewing a summary judgment, we view the evidence in a light favorable to the nonmovant and indulge every reasonable inference in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005) (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003)). In a no-evidence motion for summary

judgment, the movant asserts that no evidence supports an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i); *Hahn v. Love*, 321 S.W.3d 517, 523–24 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). The burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to each challenged element. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006); *Hahn*, 321 S.W.3d at 524. Pro se litigants like Patterson must follow the same procedural rules as licensed attorneys, including the rules governing summary judgment proceedings. *See Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 930 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

Transcontinental moved for summary judgment on the ground that Patterson failed to present any evidence that his SIB applications were timely filed. Section 130.104 of Title 28 of the Administrative Code requires claimants to apply for SIBs no later than seven days before the beginning of the quarter for which the applicant seeks benefits. 28 TEX. ADMIN. CODE § 130.104. The appeals panel determined that Patterson did not apply for SIBs for the quarters at issue until May of 2010, after the time for application had expired for each of them. Thus, the appeals panel determined that Patterson did not timely apply for benefits and that his failure to apply for them was not excused by the later increase in his impairment rating.

The administrative decisions find that Patterson failed to timely apply for SIBs for the contested quarters. The record lacks any summary judgment evidence of the date Patterson applied for benefits in contravention of the facts found in the administrative hearing decisions. Patterson bore the burden of producing evidence to establish that an issue of material fact existed. *See Tamez*, 206 S.W.3d at 582. In his brief, Patterson complains that Transcontinental has deliberately withheld information and documentation from him and thus his failure to adduce facts to support his claim of timely filing must be excused. Patterson has not supported his allegation with legal authority or citations to the record demonstrating any obstruction of the discovery process or spoliation of evidence. Without any supporting evidence, Patterson's claim of justification for his lack of evidence is not preserved for our review. *See* TEX. R. APP. P. 38.1(i); *Rocha v. State*, 464 S.W.3d 410, 418 n.1 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd).

Because Patterson produced no evidence to support his assertion that he timely filed the applications, we hold that the trial court correctly granted summary judgment. *See* TEX. R. CIV. P. 166a(i); *Tamez*, 206 S.W.3d at 582; *Hahn*, 321 S.W.3d at 524.

## CONCLUSION

Because Patterson failed to produce evidence supporting his contention that the administrative appeals panel erred in concluding that he failed to timely apply for benefits, the trial court properly granted the motion for a no-evidence summary judgment. We therefore affirm the judgment of the trial court.


Jane Bland
Justice

Panel consists of Justices Bland, Brown, and Lloyd.