**METROPOLITAN TRANSIT AUTHORITY, Appellant,**

v.

**Edward JACKSON, Appellee.**

**In re Metropolitan Transit Authority, Relator.**

Nos. 01–04–01157–CV, 01–04–01128–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 31, 2006.

Rehearing Overruled Feb. 6, 2007.

Dana Gannon–Stundins, Austin, Helen A. Cassidy, Storey, Moore & McCally, P.C., JoAnn Storey, JoAnn Storey, P.C., Daryl L. Moore, Peter M. Kelly, Moore & Kelly, P.C., Houston, for Appellant.

Kevin Albert Murray, Houston, for Appellee.

Panel consists of Chief Justice RADACK and Justices JENNINGS and ALCALA.

## CORRECTED OPINION

SHERRY RADACK, Chief Justice.

We withdraw our opinion of August 24, 2006, and issue this opinion in its stead. Our judgment of the same date, as well as Justice Jennings' concurrence, remains unchanged.

In this appeal[1], we must decide what effect, if any, the rendition of a void judgment has upon a trial court's plenary power. More specifically, the question we decide is this: After rendering a void judgment, does the trial court retain plenary power even after the time for filing an appeal from the void judgment has passed? We hold that a void judgment is

a legal nullity, and the trial court retains plenary power to dispose of the case by rendering a valid final judgment. Accordingly, we affirm the judgment of the trial court.

## BACKGROUND

*The Underlying Lawsuit*

In July 2002, Edward Jackson sued Metropolitan Transit Authority ("Metro") to appeal an adverse ruling against him by the Texas Workers's Compensation Commission Appeals Panel ("the Appeals Panel"). The Appeals Panel had determined that Jackson was not entitled to supplemental income benefits for quarters 10, 11, 12, 13, and 14.

Metro timely answered Jackson's suit, which was later dismissed for want of prosecution in January 2003. Jackson filed a motion to reinstate, and the case was tried to a jury on May 4, 2004. The jury found that Jackson had made a good faith effort to look for work in quarters 10, 11, 12, 13, and 14.

*The July Judgment*

After post-verdict negotiations regarding the amount of attorney's fees, the parties agreed to a judgment awarding Jackson supplemental benefits and attorney's fees. On July 16, 2004, the trial court signed a judgment reflecting the parties' agreement.

*No Notice to Executive Director of the Workers' Compensation Commission*

Section 410.258(f) of the Texas Labor Code provides that "A judgment entered or settlement approved without complying with the requirements of this section is void." TEX. LAB.CODE ANN. § 410.258(f)

---

1. Metro also filed a petition for writ of mandamus seeking to have the allegedly void judgment set aside. Because the mandamus and the appeal address the same issue, and we also have jurisdiction over the appeal, we hold that Metro has an adequate remedy by appeal. *See In re Flores*, 111 S.W.3d 817, 818 (Tex.App.-Houston [1st Dist.] 2003, orig. proceeding). Accordingly, we deny the petition for writ of mandamus.

(Vernon 2006). Jackson did not send prior notice of the July 16, 2004 judgment to the executive director of the Texas Workers' Compensation Commission, as required by section 410.258(f). But, Jackson sent the required notice to the executive director on August 18, 2004.

*The October Judgment*

On September 21, 2004, 67 days after the July judgment was signed, Jackson filed a "Motion by Submission for Judgment Nunc Pro Tunc." In the motion, Jackson pointed out that July judgment was signed before submitting it to the executive director and requested that the trial judge sign a new judgment after the executive director had been given the statutorily-required time to review the proposed judgment. Thereafter, on October 4, 2004, the trial court signed a second judgment identical to the July judgment.

## LAW AND ANALYSIS

Metro filed this appeal from the October judgment, contending that the October judgment is void because the trial court's plenary power expired 30 days after the July judgment was signed. Jackson responds that even if the July judgment is void, the October judgment is nonetheless valid because, after rendition of a void judgment, the trial court has continuing jurisdiction until a valid judgment is rendered. We agree with Jackson.

*The July Judgment is Statutorily Void*

■ The parties agree that the executive director of the Workers' Compensation Commission was not notified of the proposed judgment or settlement before the July judgment was signed. Section 410.258 of the Labor Code provides:

(a) The party who initiated a proceeding [for judicial review of the Appeals Panel's decision] under this subchapter or Subchapter G must file any proposed judgment or settlement made by the parties to the proceeding, including a proposed default judgment, with the division not later than the 30th day before the date on which the court is scheduled to enter the judgment or approve the settlement. The proposed judgment or settlement must be mailed to the division by certified mail, return receipt requested.

. . . .

(f) A judgment entered or settlement approved without complying with the requirements of this section is void.

TEX. LAB.CODE ANN. § 410.258(a), (f) (Vernon 2006).

■ Both parties concede that there was no compliance with section 410.258 before the trial court rendered the July judgment. Compliance with section 410.258 is both mandatory and jurisdictional, and failure to give the required notice renders a judgment void. *Ins. Co. of Pa. v. Martinez*, 18 S.W.3d 844, 847 (Tex.App.-El Paso 2000, no pet.); *see also Albertson's Inc. v. Sinclair*, 984 S.W.2d 958, 962 (Tex. 1999) ("[S]ubsection 410.258(f) provides that a judgment entered or settlement approved without complying with section 410.258's requirements is void. That the Legislature could have but did not similarly provide a consequence for noncompliance with [another section] suggests that it chose not to do so.").

■ We are aware that Texas courts are reluctant to define statutory prerequisites, such as the notice requirement in section 410.258, as jurisdictional because doing so means that "a judgment will never be considered final if the court lacked subject-matter jurisdiction." *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000). However, a statutory prerequisite that "defines, enlarges, [or] restricts the class of causes the court may decide or the relief the court may award" is considered a jurisdictional statutory requirements. *Sierra Club. v. Tex. Natural Res. Conserva-*

*tion Comm'n*, 26 S.W.3d 684, 688 (Tex. App.-Austin 2000), *aff'd*, 70 S.W.3d 809 (Tex.2002). Jurisdictional statutory requirements include those matters that are "traditionally and undoubtedly elements of subject-matter jurisdiction." *Heart Hosp. IV., L.P. v. King*, 116 S.W.3d 831, 834 (Tex.App.-Austin 2003, pet. denied).

In this case, the legislature clearly provided a consequence for the failure to comply with section 410.258(f)—any judgment rendered before the statutorily-required notice is given is void. Put simply, unless a party complies with section 410.258(f), the trial court has no power to award relief.

Because the executive director of the Workers' Compensation Commission was not notified of the proposed judgment before it was signed, the July judgment is null and void.

*Effect of Void Judgment on Trial Court's Plenary Power*

■ The issue we must next address is the effect, if any, the void July judgment had on the trial court's plenary power. More specifically, the question is this: Did the trial court have the power to set aside the void July judgment and sign the October judgment? Metro argues that, even though the July judgment was void, it was nonetheless final and appealable, and the trial court lost jurisdiction 30 days after it was signed. We disagree.

■ A trial court may not set aside a judgment after the period of plenary power has expired, unless (1) the court signed the judgment after plenary power over the parties expired, as provided by Tex.R. Civ. P. 329b(f); or (2) the court did not have subject-matter jurisdiction when it signed the judgment. *Middleton v. Murff*, 689 S.W.2d 212, 213 (Tex.1985); *Hesser v. Hesser*, 842 S.W.2d 759, 762 (Tex.App.-Houston [1st Dist.] 1993, writ denied).

The trial court unquestionably had plenary power when it signed the July judgment. Therefore, the issue is whether the trial court had subject-matter jurisdiction when it signed the July judgment. If the trial court lacked subject-matter jurisdiction to render the July judgment, it retained the plenary power to render the October judgment. *See id.*

■ "Jurisdiction is the power to adjudicate, that is, to grant or deny relief. Lack of subject-matter jurisdiction is the absence of power to make any ruling at all." *Hesser*, 842 S.W.2d at 764. The test for subject-matter jurisdiction is whether the court has the power to enter upon an inquiry and not whether its conclusions are correct. *Diocese of Galveston–Houston v. Stone*, 892 S.W.2d 169, 174 (Tex.App.-Houston [14th Dist.] 1994, orig. proceeding).

■ It was not mere error for the trial court to sign the July judgment; under the provisions of section 410.258(f) of the Labor Code, the trial court was without the power to do so. The power to award relief is an essential component of subject-matter jurisdiction. *Sierra Club*, 26 S.W.3d at 688. Similarly, the failure to comply with a jurisdictional statutory prerequisite, such as section 410.258(f), is a defect that goes to the trial court's subject-matter jurisdiction. *See Heart Hosp.*, 116 S.W.3d at 834; *Sierra Club*, 26 S.W.3d at 688. As such, the trial court was without subject-matter jurisdiction to sign the July judgment, and it retained the plenary power to sign the October judgment.

We note that some "void" judgments must, nevertheless, be challenged by appeal or bill of review. *See Deen v. Kirk*, 508 S.W.2d 70, 72 (Tex.1974) (holding that default judgment that was allegedly void for lack of proper service must be challenged either by timely appeal or bill of review); *McEwen v. Harrison*, 162 Tex.

125, 345 S.W.2d 706, 710 (1961) (same) ("[W]hen the time for filing a motion for new trial has expired and relief may not be obtained by appeal, a proceeding in the nature of a bill of review is the exclusive method of vacating a default judgment rendered in a case in which the court had jurisdictional power to render it."). However, a case that is void for lack of subject-matter jurisdiction can never be considered final. *Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71, 76 (Tex.2000). In fact, *Kazi* suggests that the only cases that are truly "void" are those cases in which the court lacks subject-matter jurisdiction. "Because subject-matter jurisdiction is a power that exists by operation of law only, and cannot be conferred upon any court by consent or waiver, a judgment will never be considered final if the court lacked subject-matter jurisdiction." *Id.*

We have already held that the July judgment in this case was void for want of subject-matter jurisdiction. As such, an appeal or bill of review is not the only mechanism for setting such void judgment aside. *See Middleton,* 689 S.W.2d at 213 (recognizing that if trial court lacks jurisdictional power, bill of review not required to challenge void judgment). In this case, Jackson challenged the void July judgment by requesting the trial court to render a second judgment, which it did. The question is thus: Did the trial court have the power to render the July judgment after discovering that its earlier July judgment was void because of a lack of subject-matter jurisdiction? We answer the question in the affirmative.

■ A trial court has "not only the power but the duty to vacate the inadvertent entry of a void judgment at any time, either during the term or after the term,[2] with or without a motion therefore." *Thomas v. Miller,* 906 S.W.2d 260, 262 (Tex.App.-Texarkana 1995, no writ) (quoting *Bridgman v. Moore,* 143 Tex. 250, 183 S.W.2d 705, 707 (1944)). A trial court has no discretion to refuse to set aside a void judgment, but has the duty to do so at any time that such matter is brought to its attention. *Id.* "A judgment which is absolutely void is, in the language of some courts, mere waste paper, and the court in which such judgment is rendered does not lose jurisdiction over the subject-matter after the term of the court at which the judgment was entered has expired. There is an inherent continuing power in such court to set aside its void judgment." *Barton v. Montex Corp.,* 295 S.W. 950, 953 (Tex.Civ.App.-Austin 1927, writ dism'd) (citing *Milam County v. Robertson,* 47 Tex. 222, 1877 WL 8602 at *8 (1877)).

In *Milam County,* the supreme court discussed the effect of a void judgment on the continuing jurisdiction of the trial court as follows:

> When, however, the judgment is not merely erroneous, but an absolute nullity, it can have no binding force or effect, either in the tribunal in which it is rendered, or in any other in which it may be brought in question. And such void judgment, though supposed by the court, when rendered, to be final, will neither, in law or fact, exhaust or put an end to its jurisdiction or power over an action properly pending before it. Un-

**2.** Before the adoption of Texas Rule of Civil Procedure 329b, the trial court's plenary power continued until the end of the term of court in which the judgment was rendered, at which time the judgment became final. *Owens-Corning Fiberglas Corp. v. Wasiak,* 883 S.W.2d 402, 406 (Tex.App.-Austin 1994, or-

der), *disp. on merits,* 916 S.W.2d 551 (Tex. App.-Houston [1st Dist.], *aff'd,* 972 S.W.2d 35 (Tex.1998)); *see also* TEX.R. CIV. P. 329b cmt. Therefore, the phrase "during the term or after the term" literally means "before or after the expiration of the court's plenary power."

questionably, therefore, the court may, at least until such time has elapsed as will warrant the presumption of a discontinuance or abatement of the action, vacate its entry, and recall any process which may have issued thereon, and proceed with the cause to its final and proper termination.

*Milam County,* 47 Tex. 222, 1877 WL 8602 at \*8.

More recently, in *State ex re. Latty v. Owens,* 907 S.W.2d 484, 485 (Tex.1995) the trial court issued an order adopting a master's report before granting the defendant a hearing as required by section 54.012 of the Government Code. The supreme court held that the failure to hold the hearing rendered the judgment voidable, but not void. Because the judgment was voidable, but not void, and the defendant did not challenge the voidable judgment by appeal, the judgment became final and an order subsequently signed by the trial court was void because it was signed outside the court's plenary power. *Id.* As such, the previously-signed voidable judgment was the final order in the case, which the defendant could challenge only by bill of review. *Id.* at 486.

This case presents the exact opposite of *Latty.* In *Latty,* the first judgment was voidable, not void. Therefore, the appellate timetables began to run at the time the voidable judgment was rendered and the second judgment was void because it was signed outside the trial court's plenary power. In this case, the July judgment is was statutorily *void,* not merely voidable. As such, it is a legal nullity that did not deprive the trial court of jurisdiction.[3]

Therefore, the trial court had plenary power to sign the October judgment.

In a nonpublished opinion, this Court also discussed the effect of a void judgment on the trial court's plenary power. In the case of *In re Aldine Independent School District,* No. 01–01–00317–CV, 2001 WL 995759 (Tex.App.-Houston [1st Dist.] August 30, 2001, orig. proceeding) (not designated for publication), the relator argued that the trial court retained plenary power to grant a motion for new trial because the earlier 1995 judgment was void, and the trial court must vacate a void judgment order at any time, even if plenary power has otherwise expired. *Id.* at \*2. This Court responded by stating that "[i]f the 1995 judgment were void, [the relator] would be right, but that judgment was not void for the reasons she claims." *Id.* As we have already held, here, however, the July judgment in this case was, in fact, void. Therefore, under the reasoning of the *Aldine* case, the void judgment does not cause the trial court's plenary power to expire.

## CONCLUSION

The first judgment signed in this case— the July judgment—was a legal nullity. It was statutorily void because there had been no compliance with section 410.258 of the Labor Code. After being made aware of this deficiency, and after the notice required by section 410.258 of the Government Code was given to the executive director of the Workers' Compensation Commission, the trial court rendered a second judgment—the October judgment. Because the July judgment was a legal nullity, the trial court retained plenary

---

3. Although a party may appeal a void judgment, he or she is not required to do so. "It is one thing to say that a void order may be appealed from but it is another thing to say that it must be appealed from for it would be anomalous to say that an order void upon its face must be appealed from before it can be treated as a nullity and disregarded. An order which must be appealed from before it is ignored can hardly be characterized as 'void' and binding on no one." *Fulton v. Finch,* 162 Tex. 351, 346 S.W.2d 823, 830 (1961).

power to render the October judgment. Accordingly, the October judgment is not void.

We overrule Metro's sole issue on appeal.

We affirm the judgment of October 4, 2004.

Justice JENNINGS, concurring.

TERRY JENNINGS, Justice, concurring.

It is well-settled Texas law that a judgment is void "only when it is apparent that the court rendering the judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, *no jurisdiction to enter the judgment*, or no capacity to act as a court." *Tesco Am., Inc. v. Strong Indus.*, —— S.W.3d ——, ——, No. 04-0269, 2006 WL 662740, at *4 (Tex. Mar. 17, 2006) (quoting *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex.1990) (emphasis added)).

Here, it is readily apparent that the trial court had no jurisdiction to enter the July 16, 2006 judgment because appellee, Edward Jackson, did not send prior notice of the judgment to the executive director of the Texas Workers' Compensation Commission as required by section 410.258 of the Texas Labor Code. Tex. Lab. Code Ann. § 410.258(a) (Vernon 2006) (party seeking judicial review of administrative decisions of orders concerning workers' compensation must file proposed judgment by certified mail with Workers' Compensation Commission not later than 30th day before court is scheduled to enter judgment.). A judgment entered or settlement approved without complying with the requirements of section 410.258 "is void." Tex. Lab. Code Ann. § 410.258(f) (Vernon 2006). A trial court obviously does not lose plenary power after entering such a void judgment.

Accordingly, in appellate cause number 01-04-01157-CV, I concur in the judgment of the court affirming the trial court's October 4, 2004 judgment. I would further deny Metropolitan Transit Authority's Petition For Writ of Mandamus, which was filed in cause number 01-04-01128-CV in "an excess of caution."