COURT OF CRIMINAL APPEALS OF TEXAS

P.O.BOX 12308,CAPITOL STATION

AUSTIN,TEXAS 78711

IN THE SOVEREIGNTY OF THE COURT OF JUSTICE

43,586-09

*******

THE TEXAS COURT OF CRIMINAL APPEALS

IN RE THE  STRAWMAN JAMES REBECTOR

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 07 2015

Abel Acosta, Clerk

<u>MOTION FOR LEAVE TO FILE WRIT OF MANDAMUS</u>

TO THE HONORABLE JUSTICES OF THE COURT OF CRIMINAL APPEALS ENBANC:

1.

The Relator seeks leave of This Honorable Court of Justice To file Writ of Mandamus,and have such Mandamus Issue This Court of Justice's Jurisdiction has been invoked by The  Proper filing of The Article 11.07,Writ of Habeas Corpus,with a **Motion To Vacate And Set Aside Entry Of Void Judgment** properly attached in The 144th Judicial District Court of Bexar County,and  under The Authority of **Metropolitain Transit Authority v.Jackson 212 S.W.3d 797(Tex. App-Houston (1stDIST.)2006). MTAv.Jackson** is controlling in this matterbecause the Judgment of conviction and sentence is Void under Texas Law.

The Writ of Habeas Corpus form serves as the VEHICLE by which  the Motion To Vacate and set Aside Entry of Void Judgment receives Proper Cognizance before The Trial Court,which Retains Its Plenary Power Over Its Void Judgment(s). Id. MTA v.Jackson 212 S.W.3d 797. For This reason the Habeas Corpus Proceeding is essentially transformed into a proceeding wherein the Trial Court exercises exclusive **PLENARY POWER TO VACATE THE ENTRY OF ITS VOID JUDGMENT.**

An impromptu or arbitrary refusal to address the issue(s) as set forth is not a discretionary matter,but a ministerial duty as so established and settled under Texas Law. It is well settled that a Trial Court has not only Power, but a Duty To Vacate Entry of a Void Judgment anytime,either during term,or after term,with or without motion;(And)Trial Court has no discretion to refuse to set aside Void Judgment,but has a duty to do so at anytime that suchmatter is brought to its attention." **Id Metropolitain Transit Authority v.Jackson 212 S.W.3d 797**

1.

This Honorable Court of Justice has consistently held that Void Judgments may always be collaterally attacked at anytime, **Hoang v. State,872 S.W.2d 694,698(tex.Crim.App.1993**; **ExParte Spaulding 687 S.W.2d at 745**and for the reason of a Void Judgment being made known To the Trial Court,Relator seeks Leave to file Writ of Mandamus,and for Mandamus To Issue in this Matter due To Trial Courts failure and refusal to respond.

**EXECUTED ON THIS 3rd DAY OF APRIL 2015.**

Sincerely requesting,

*James Rebector #896933*

JAMES REBECTOR#896933
ALFRED D.HUGHES UNIT,4Dll-04B
ROUTE 2,BOX 4400
GATESVILLE,TEXAS 76597
(254)865-6663,Unit Warden

2.

COURT OF CRIMINAL APPEALS OF TEXAS

P.O.BOX 12308,CAPITOL STATION

AUSTIN,TEXAS 78711

IN THE SOVEREIGNTY OF THE COURT OF JUSTICE

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 07 2015

Abel Acosta, Clerk

****** *I.*

THE TEXAS COURT OF CRIMINAL APPEALS



IN RE THE STRAWMAN JAMES REBECTOR

## MOTION FOR ISSUANCE OF WRIT OF MANDAMUS

The Relator was convicted in the 144th Judicial District Court of Bexar County Pursuant **Texas Health and Safety Code §481.112.** prior to Trial,the TrialCourt Judge Ordered A Psychiatric evaluation to determine the Incompetency of the Relator,Pursuant **Texas Code of Criminal Procedure,Article 46.02§2(a) (Prior To Its REPEAL in2004).** As the Law applies to the FACTS of this Case, The Trial CourtPossessed a ministerial duty to conduct the incompentency hearing Prior to the commencement of the trial. *The Record is devoid of an incompetency hearing.* The Trial Court's failure to substantially Comply with Article 46.02 §2(a) Whereby the ministerial duty is duly noted by the mandatory language-SHALL:Government Code § 311.016(2)- renders all Proceedin gs thereafter unequivocally Void,rather than merely Voidable. For the foregoing Proprosition,The Relator contends that the final Judgment and its ensuing mandate sets forth that the Proceedings and ORDERS OF THE COURT COMPLY with REGULARITY and satisfy The Presumption of Correctness. As such there is an inference that the trial Court rendered Judgment against a incompetent individual,when such determination had not been made. Therefore, because the Trial Court failed to substantially comply with Article **46.02§2(a),Tex.C.Crim. proc.** After ordering the requisite Psychiatric evaluation,the final Judgment is effected and Void. As expressed,and Verified in **Southern Insurance Company v.Brewster 249,S.W.3d 6,(Tex.App.-Houston[1st.DIST.] 2007)**

"When a Trial Court renders judgment without Compliance with Section 410.258(a), the Trial Court retains its Plenary Power to set it aside." The same principle *Because The Judgment is a legal Nullity.* is applicable in this matter,and must be stated as follows:"When a **Trial Court** renders judgment without Compliance with Article 46.02§2(a) the judgment is a legal nullity."

1.

The Relator has Presented the Trial Court with the foregoing issue of Void Judgment made cognizable, in **The motion To Vacate and Set Aside Entry of Void Judgment**,by The **VEHICLE** Prescribed as Writ of Habeas Corpus-Article 11,07. The trial court has failed,or refused to respond in any manner even after being presented with two notices requesting Process.*The attached* copy of the letter to the trial Court clerk certifies the Relator's Due Diligence to obtain a ruling from the Trial Court in a timely fashion.The Trial Court has abused its discretion in failingto consider and rule the Properly cognizable motion. In Re ~~Hearn~~ **Hearn 137 S.W.3d681 (Tex.App.San-Antonio 2004)** it was held that:"When a Motion is pro*perly* filed and Pending before a Trial Court,The act of giving consideration to,and ruling upon that motion is a **ministerial**,and Mandamus may issue to compel the Trial judge to act **Id at 683-684,(Citing Safety-Kleen Corp v.Cearcia 945 S.W.2d 268,269 (Tex.App.-San Antonio 1997 original Proceeding).**

The Relator has made the requisite showing of bringing the matter to the Trial Court and the Trial Court's failure to respond or rule **Barnes v.State 832 S.W.2d 424,426-427 (Tex.App.-Houston[1st DIST.]1992,original proceeding).**

3.

For the reasons set forth above,The Relator requests this Honorable Court of Justice to Issue Mandamus Compelling the Trial Court to rule in accordance with **Metropolitain Transit Authority v.Jackson 212 S.W.3d,797** specifically inlight of the Trial Court's Plenary Power and to take cognizance of The Void Judgment Presented thereto.

**EXECUTED ON THIS 3RD DAY OF APRIL 2015**

Respectfully requesting,

JAMES REBECTOR#896933
ALFRED D.HUGHES UNIT,4D11-04B
ROUTE 2,BOX 4400
GATESVILLE,TEXAS 76597
(254)865-6663,UNIT WARDEN

ATTACHED COPY

EXHIBIT LETTER

UNDER THE SOVEREIGNTY OF THE COURT OF JUSTICE *Donna Kay McKinney Bexar County District Clerk 300 Dolorosa Street Suite 211 San Antonio, Texas 78205 3002*

***

IN RE THE STRAWMAN-JAMES REBECTOR

TO THE HONORABLE 144TH JUDICIAL DISTRICT COURT CLERK:

On The 20th day of February 2015,I placed My Article 11.07 subtitled" "Motion To Vacate And Set Aside Entry Of Void Judgment in The United States Postal Service Mail Box at the Alfred D.Hughes Unit-as duly noted by the Hughes Unit Mail Room Supervisor in writing.You have failed to notify Me Your receipt of the Legal Documents,nor Provide the Appropriate Cause number for future reference.

It must be very well understood that the Article 11.07 Habeas Corpus form is merely The VEHICLE by which My Motion To Vacate and Set Aside Entry of Void Judgment may receive appropriate *review* review; whereas I am notifying the Court of its Void Judgment entered against The Strawman James Rebector The Trial Court retains its Plenary Power To Vacate and Set Aside its Void Judgments as verified in Metropolitain Transit Authority v.Jackson 212 S.W.3d 797(Tex.App.-Houston[1st.Dist.]2006].

Your ministerial duty To file all Papers and execute Process is firmly found by Articles 2.03; *2.16* 2.16;2.21;11.60,and 28.03 of The Texas Code of Criminal Procedure. Notify Me immediately with the assigned cause number and date scheduled for hearing on the matters set forth. A failure to respond by April 03,2015 will result in administrative action against you. This is My due diligence To receive Due Process in reference To The Strawman James Rebector.

EXECUTED ON THIS 24th DayOF MARCH 2015 _____

I Certify the foregoing has been Placed in The Hughes Unit Mailbox on This 25th DAY OF MARCH 2015 _____

Sincerely requesting;

James Rebector #896933

James Rebector#896933
Alfred D.Hughes Unit,4D11-04B
Route 2,Box 4400
Gatesville,Texas 76597
(254)865-6663,Unit Warden