**Opinion issued June 25, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————————

## NO. 01-23-00216-CR

————————————————

## EX PARTE AMARILLYZ ESTEVEZ, Appellant

---

**On Appeal from the County Criminal Court at Law No. 16**
**Harris County, Texas**
**Trial Court Case No. 2440465**

---

## MEMORANDUM OPINION

Appellant, Amarillyz Estevez, challenges the trial court's order denying her pretrial application for writ of habeas corpus.[1]  In her sole issue, appellant contends that the trial court erred in denying her habeas relief.

We affirm.

---

[1]    *See* TEX. R. APP. P. 31.

## Background

Appellant is charged by information with the misdemeanor offense of driving while intoxicated in trial court cause number 2435337 in the County Criminal Court at Law No. 16 of Harris County, Texas. The information alleges that appellant, on or about December 5, 2022, "unlawfully, operate[d] a motor vehicle in a public place while intoxicated."[2] The information further alleges that at the time appellant committed the offense, she "had an open container of an alcoholic beverage in [her] immediate possession in the passenger compartment of [the] motor vehicle."[3]

Appellant filed a pretrial application for writ of habeas corpus, arguing that her confinement and restraint in trial court cause number 2435337 were unlawful because her "prosecution" for the misdemeanor offense of driving while intoxicated was "barred by the Double Jeopardy Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, section 14 of the Texas Constitution." In her habeas application, appellant noted that she had been charged, by information, on December 6, 2022, for the misdemeanor offense of driving while intoxicated in trial court cause number 2435337. But on December 13, 2022, she was held "in contempt for commit[ting] a crime and/or engag[ing] in conduct that resulted in her arrest" in another case—trial court cause number 2435768 in the

---

[2]     *See* TEX. PENAL CODE ANN. § 49.04(a).

[3]     *See id.* § 49.04(c).

County Criminal Court at Law No. 16 of Harris County. (Alterations in original.) (Internal quotations omitted.) In that case, the trial court "sentenced her to three days in Harris County Jail, probated . . . for nine months, and ordered her released to WHO-A[4] staff only." (Internal quotations omitted.) Appellant asserted that "[t]he conduct for which [she] was held in contempt and punished" in trial court cause number 2435768 was the same conduct that she was charged with in trial court cause number 2435337. And, according to appellant, "the contempt judgment against [appellant in trial court cause number 2435768] bar[red] her" prosecution for the misdemeanor offense of driving while intoxicated in trial court cause number 2435337. Appellant, thus, requested that the information charging her with the misdemeanor offense of driving while intoxicated in trial court cause number 2435337 be dismissed.

Appellant attached to her pretrial application for writ of habeas corpus a copy of a Judgment of Contempt and Commitment Order signed by the trial court on December 13, 2022 in trial court cause number 2435768 (the "December 13, 2022 contempt order"). The December 13, 2022 contempt order stated that appellant had

---

4     *See In re M.D.C.*, Nos. 14-13-00414-CV, 14-13-00429-CV, 2013 WL 5366326, at *2 (Tex. App.—Houston [14th Dist.] Aug. 17, 2013, no pet.) (mem. op.) ("WHO-A" stands for "Women Helping Ourselves, Atascocita" (internal quotations omitted)); *see also Stiles v. State*, No. 14-15-00598-CR, 2016 WL 3554735, at *2 (Tex. App.—Houston [14th Dist.] June 28, 2016, no pet.) (mem. op., not designated for publication) (trial court explained on record that "Women Helping Ourselves [WHO] program in Atascocita" was an "in-patient residential treatment" program).

3

"committed a crime and/or engaged in conduct that resulted in her arrest" and the trial court found her "guilty of contempt." The trial court assessed appellant's punishment at confinement for three days, probated for nine months, and it "release[d] [appellant] to WHO-A staff." (Emphasis omitted.)

In its response to appellant's pretrial application for writ of habeas corpus, the State explained that while appellant "was on bond" related to the offense she was charged with in trial court cause number 2435768, she committed several new offenses, including "[p]ossession of a controlled substance . . . on December 5, 2022," "[c]riminal [m]ischief between $750 and $2,500 on November 16, 2022," "[u]nlawful carrying of a weapon in a motor vehicle on [May] 31, 2022," "[p]ossession of a [c]ontrolled [s]ubstance on May 31, 2022," "[a]ggregate theft in [an] amount of over $750 and under $2,500 on May 17, 2022," and driving while intoxicated on December 5, 2022. Following, the commission of certain offenses, the trial court, in cause number 2435768, issued a "show-cause order" on December 9, 2022 and set "a hearing to be held on . . . December 13, 2022, at 9:00 a.m." Although the trial court found appellant guilty of contempt in trial court cause number 2435768 on December 13, 2022 for violating the bond conditions set by the trial court by "commit[ing] a crime and/or engag[ing] in conduct that resulted in her arrest," neither the trial court's show-cause order nor its December 13, 2022

contempt order "state[d] which new offense committed by [appellant] violated" the bond conditions previously set by the trial court. (Emphasis omitted.)

The State also explained that on February 6, 2023, after appellant filed her pretrial application for writ of habeas corpus in trial court cause number 2435337, the trial court vacated its show-cause order and the December 13, 2022 contempt order in trial court cause number 2435768. According to the State, the December 13, 2022 contempt order was void[5] and the trial court was required to vacate the order, which it had the power to do. Further, because the December 13, 2022 contempt order was void, appellant was not "put in jeopardy," and "[t]he Double

---

[5] More specifically, the State argued that the December 13, 2022 contempt order was void because appellant was not "provide[d] [with] the requisite notice regarding what specific [trial court] order [she had] violated, when [she had violated it], and how she [had] violated it," which the trial court was required to describe in its show-cause order served on appellant. Instead, the show-cause order only stated that appellant had "committed a crime," but it did not specify "which of the six potential offenses the [trial] [c]ourt considered [as] the basis for [its] contempt judgment." Further, appellant was not timely served with the show-cause order. Insufficient notice violated appellant's due process rights, and the failure of the trial court to provide appellant with constitutionally sufficient notice deprived the court of jurisdiction "to proceed on the contempt." The State also asserted that the trial court "lacked authority to find [appellant] in contempt for violating [the court's previously set] bond conditions" because certain statutes "provide the specific remedies for violations of the [c]ourt's bond conditions." And the trial court could not use its "general contempt powers" to address appellant's violation of her bond conditions.

Jeopardy Clause d[id] not . . . bar" appellant's prosecution in trial court cause number 2435337 for the misdemeanor offense of driving while intoxicated.[6]

The State attached to its response copies of a several informations filed in County Criminal Court at Law No. 16 of Harris County, which charged appellant with certain misdemeanor offenses. The first information, filed in trial court cause number 2435338, charged appellant with the misdemeanor offense of possession of a controlled substance. That information alleged that on or about December 5, 2022, appellant "unlawfully, intentionally and knowingly possess[ed] a controlled substance, namely, Alprazolam, weighing less than 28 grams by aggregate weight, including any adulterants and dilutants." The second information, filed in trial court cause number 2432580, charged appellant with the misdemeanor offense of criminal mischief and alleged that on or about November 16, 2022, appellant,

> unlawfully, intentionally and knowingly destroy[ed] tangible property, namely a computer, owned by Julie Nguyen, a person having a greater right to possession of the property than [appellant] . . . , without the effective consent of [Nguyen], namely, without any consent of any kind, and the value of the pecuniary loss so inflicted was at least [$750] and under [$2,000], by striking [Nguyen's] computer with [appellant's] hand.

The third information, filed in trial court cause number 2409768, charged appellant with the misdemeanor offense of unlawful carrying of a weapon and alleged that on

---

[6] The State also asserted that "[e]ven [if] the . . . contempt proceeding [in trial court cause number 2435768 was] valid, the . . . prosecution [in trial court cause number 2435337] would not be . . . barred" by the Double Jeopardy Clause.

6

or about May 31, 2022, appellant "unlawfully, intentionally and knowingly carr[ied] on and about [her] person a handgun in a motor vehicle under the control of [appellant], and [appellant] was engaged in criminal activity other than a [c]lass C misdemeanor that [was] a violation of a law or ordinance regulating traffic, namely [p]ossession of [m]arihuana." The fourth information, filed in trial court cause number 2407853, charged appellant with the misdemeanor offense of theft and alleged that on or about May 5, 2022 through May 17, 2022, appellant,

> unlawfully, pursuant to one scheme and continuing course of conduct, appropriate[d], by acquiring and otherwise exercising control over property, namely, one pack of ham, nine bras, two blankets, two comforter sets, six packs of sheets, four bags, five candles, seven packs of fragrance wax, nine packs of underwear, two pairs of sandals, two packages of biscuit sticks, two power adapters, five pairs of sunglasses, one pair of slippers, one pack of socks, one can of tuna, four pairs of earrings, two packs of pillow covers, one pack of suspenders, one dog bowl, one bottle of stain remover, one mat, one bottle of dog supplement, one package of dog treats, one package of facial wipes, five packs of facial treatment/cleaner, two packages of soap, one tube of lip balm, one bottle of body wash, two packages of dog food, and one dog bed, owned by Larissa Coronado, . . . with the intent to deprive [Coronado] of the property and the total value of the property appropriated was at least [$750] and less than [$2,500].

The State also attached to its response a copy of an indictment filed in trial court cause number 1772934 in the 232nd Harris County District Court, which charged appellant with the felony offense of possession of a controlled substance. The indictment alleged that appellant, on or about May 31, 2022, "unlawfully, intentionally and knowingly possess[ed] a controlled substance, namely

7

[m]ethamphetamine, weighing less than one gram by aggregate weight, including any adulterants and dilutants."

Further, the State attached to its response a copy of an order of the trial court in trial court cause number 2435768, dated February 6, 2023, which dismissed its previous show-cause order. And the State attached a copy of a trial court order, dated February 6, 2023, which withdrew and vacated the December 13, 2022 contempt order.[7]

In her reply to the State's response, appellant argued that the State was "estopped from claiming [that the December 13, 2022 contempt order was] void" because "it [had] aided [the trial court] in [t]he [s]how [c]ause hearing resulting in" the December 13, 2022 contempt order.[8]

After a hearing, the trial court denied appellant's pretrial application for writ of habeas corpus.

**Standard of Review**

A pretrial writ of habeas corpus is an extraordinary remedy. *Ex parte Ingram*, 533 S.W.3d 887, 891 (Tex. Crim. App. 2017). Generally, an appellate court reviews a trial court's decision to grant or to deny habeas corpus relief for an abuse of

---

[7]    Additionally, the State attached to its response a copy of the trial court's December 13, 2022 contempt order, a copy of the trial court's show-cause order, and the reporter's record from the December 13, 2022 show-cause hearing.

[8]    The State filed a response to appellant's reply, which addressed appellant's estoppel argument.

discretion.  *See Ex parte Montano*, 451 S.W.3d 874, 877 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd).  However, when the facts are undisputed and the trial court's ruling does not turn on the credibility of witnesses, a de novo review by the appellate court is appropriate.  *See Ex parte Martin*, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999); *see also Ex parte Rush*, No. 01-20-00837-CR, 2021 WL 5312326, at *2 (Tex. App.—Houston [1st Dist.] Nov. 16, 2021, no pet.) (mem. op., not designated for publication) (reviewing de novo trial court's denial of defendant's pre-trial application for writ of habeas corpus which was based on double-jeopardy complaint).  We will uphold the habeas court's judgment if it is correct under any theory of law.  *See Ex parte Taylor*, 36 S.W.3d 883, 886 (Tex. Crim. App. 2001).

## Double Jeopardy

In her sole issue, appellant argues that the trial court erred in denying her pretrial application for writ of habeas corpus because appellant is "charge[d]" with the misdemeanor offense of driving while intoxicated in trial court cause number 2435337, but that is "the same offense for which the [trial] court jailed [her] for contempt" in trial court cause number 2435768.

The United States and Texas Constitutions prohibit a defendant from twice being put in jeopardy for the same offense.  U.S. CONST. amend. V; TEX. CONST. art. I, § 14.  This prohibition protects against a second prosecution for the same offense after an acquittal or conviction and forbids multiple punishments for the same

9

offense in a single prosecution. *See Ex parte Rhodes*, 974 S.W.2d 735, 738 (Tex. Crim. App. 1998); *Ex parte Estrada*, 573 S.W.3d 884, 893 (Tex. App.—Houston [1st Dist.] 2019, no pet.).

Here, appellant's double-jeopardy complaint hinges on the December 13, 2022 contempt order signed by the trial court in trial court cause number 2435768, which appellant asserts "held [her] in contempt and punished [her]" for committing the misdemeanor offense of driving while intoxicated—the offense with which appellant is now charged with by information in trial court cause number 2435337. However, the December 13, 2022 contempt order was vacated and withdrawn by the trial court in cause number 2435768. *Cf. Ex parte Eugene*, No. 01-23-00174-CR, 2024 WL 1383400, at *1 (Tex. App.—Houston [1st Dist.] Apr. 2, 2024, pet. filed) (mem. op., not designated for publication) (explaining because County Criminal Court at Law No. 16 had withdrawn its previous Judgment of Contempt and Commitment Order, appellant was not being "illegally confined and restrained in [her] liberty" and not entitled to habeas relief (internal quotations omitted)); *Ex parte McGee*, No. 01-23-00176-CR, 2024 WL 1314049, at *1 (Tex. App.—Houston [1st Dist.] Mar. 28, 2024, no pet. h.) (mem. op., not designated for publication) (after County Criminal Court at Law No. 16 dismissed and vacated Judgment of Contempt and Commitment Order, trial court, during habeas application hearing, explained that defendant was "not in custody" because contempt order had been "dismissed

and vacated" (internal quotations omitted)). Because the December 13, 2022 contempt order has been vacated, it no longer exists. *See In re Campbell*, 106 S.W.3d 788, 788 (Tex. App.—Texarkana 2003, orig. proceeding) (appellant not entitled to writ of habeas corpus because contempt order that imposed punishment was vacated by trial court and "no longer exist[ed]"); *see also Long v. Long*, 681 S.W.3d 805, 811 (Tex. App.—Dallas 2023, no pet.) (order vacated by trial court no longer in effect); *In re Chaiken*, No. 01-21-00200-CV, 2022 WL 3588716, at *1 (Tex. App.—Houston [1st Dist.] Aug. 23, 2022, orig. proceeding) (mem. op.) (where trial court vacated orders, those orders were "no longer in effect" (internal quotations omitted)); *In re Quinata*, No. 08-17-00166-CR, 2017 WL 4324740, at *1 (Tex. App.—El Paso Sept. 29, 2017, orig. proceeding) (mem. op., not designated for publication) (relator's request for relief from trial court's order of contempt moot because trial court vacated contempt order); *Kuhns v. Hart*, No. 03-97-00324-CV, 1999 WL 959149, at *4 (Tex. App.—Austin Oct. 21, 1999, no pet.) (not designated for publication) (trial court's finding of contempt "no longer exist[ed]" because order containing finding had been vacated by trial court).

For appellant to have a valid claim that her prosecution for committing the misdemeanor offense of driving while intoxicated in trial court cause number 2435337 is barred by double jeopardy, she much establish that she was previously placed in jeopardy. *See Ex parte George*, 913 S.W.2d 523, 525 (Tex. Crim. App.

11

1995) ("[B]efore it can be said that an accused has been put in jeopardy a second time, in violation of the Texas or United States Constitution, it must appear that he was actually put in jeopardy before."); *State v. Fisher*, 212 S.W.3d 378, 380 (Tex. App.—Austin 2006, pet. ref'd); *Scholtes v. State*, 691 S.W.2d 84, 87 (Tex. App.—Houston [1st Dist.] 1985, pet. ref'd); *see also Ex parte Ward*, 964 S.W.2d 617, 625 (Tex. Crim. App. 1998) ("[I]n order for the principles of double jeopardy to be invoked, there must be a former jeopardy."). This is because a claim of double jeopardy will "be sustained only if it appears that a valid judgment of conviction was previously entered in a prosecution for the same offense." *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993). Here, the December 13, 2022 contempt order has been withdrawn and cannot serve as the basis for appellant's double-jeopardy claim. *See Gutierrez v. State*, No. 07-01-0334-CR, 2003 WL 22472179, *3 (Tex. App.—Amarillo Oct. 31, 2003, pet. ref'd) (not designated for publication) (defendant could not rely on 1992 conviction which had been set aside to assert his 2001 conviction was barred by double jeopardy); *see also In re Brown*, No. 07-00-0479-CV, 2001 WL 1153476, at *2 (Tex. App.—Amarillo Oct. 1, 2001, orig. proceeding) (not designated for publication) ("[I]f a judgment has been rendered but is later set aside, the matter stands as if there had been no judgment . . . ."); *P.V. Int'l Corp. v. Turner, Mason, & Solomon*, 700 S.W.2d 21, 22 (Tex. App.—Dallas 1985, no writ) ("[I]f a judgment is set aside, the cause stands as

12

if there has been no final judgment.  The effect of setting aside a judgment is to place the parties in the position they occupied before the rendition of judgment." (internal citations omitted)).

We note that appellant argues that the trial court could not have vacated the December 13, 2022 contempt order because it lacked plenary power to do so, but "[a] trial court has not only the power but the duty to vacate . . . a void judgment at any time."  *Metro. Transit Auth. v. Jackson*, 212 S.W.3d 797, 802 (Tex. App.— Houston [1st Dist.] 2006, pet. denied) (internal quotations omitted); *see also Thomas v. Miller*, 906 S.W.2d 260, 262 (Tex. App.—Texarkana 1995, no pet.).  Stated differently, a trial court has "an inherent continuing power . . . to set aside its void judgment."  *Jackson*, 212 S.W.3d at 802 (internal quotations omitted); *see also Wright v. R.R. Comm'n of Tex.*, No. 01-22-00490-CV, 2023 WL 4003302, at *3 (Tex. App.—Houston [1st Dist.] June 15, 2023, no pet.) (mem. op.) (trial court correctly vacated void order even though plenary power had long expired).

"Due process of law demands that before a [c]ourt can punish [an accused] for a contempt not committed in its presence,[9] the accused must have full and complete notification of the subject matter, and the show cause order or other means of notification must state when, how, and by what means the defendant has been

---

9    Contempt that occurs outside the presence of the court is known as "constructive contempt."  *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979).

guilty of the alleged contempt." *Ex parte Edgerly*, 441 S.W.2d 514, 516 (Tex. 1969); *see also In re Paul*, No. 03-23-00160-CV, 2023 WL 2718454, at *7 (Tex. App.—Austin Mar. 31, 2023, orig. proceeding [mand. denied]) (mem. op.) ("The notice required in cases of constructive criminal contempt should be by show cause order or equivalent legal process personally served on the alleged contemnor, and it should state when, how and by what means the defendant has been guilty of contempt." (internal quotations omitted)). Without sufficient notice to the defendant, a contempt judgment is void and a nullity. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979); *In re Morales*, No. 14-14-00265-CV, 2014 WL 2158170, at *4 (Tex. App.—Houston [14th Dist.] May 22, 2014, orig. proceeding) (mem. op.).

On December 9, 2022, the trial court, in trial court cause number 2435768, issued a show-cause order, which stated:

> Estevez, Amarillyz is hereby ordered to appear before this [c]ourt on 12/13/2022 at 9:00 a.m. to show cause, if any she has, why she should not be held in contempt and punished for failing to abide by the orders of this Court, to-wit: defendant committed a crime and/or engaged in conduct that resulted in [her] arrest in the above entitled and numbered cause.

(Emphasis omitted.) Notably, the show-cause order did not specify the offense appellant allegedly committed or appellant's alleged conduct that resulted in her arrest. Further, the show-cause order did not specify the trial court order that appellant allegedly violated, when appellant allegedly violated the order, or how the order was violated. Simply stated, the trial court's show-cause order did not

14

sufficiently notify appellant "when, how, and by what means [she had] been guilty of the alleged contempt." *Ex parte Edgerly*, 441 S.W.2d at 516; *see also Ex parte Vetterick*, 744 S.W.2d 598, 599 (Tex. 1988) ("[D]ue process requires that the alleged contemnor receive full and unambiguous notification of the accusation of any contempt."); *Ex parte Gordon*, 584 S.W.2d at 688 ("Due process of law requires that the constructive contemnor be given full and complete notification and a reasonable opportunity to meet the charges by way of defense or explanation." (internal quotations omitted)). A judgment of contempt may only be based on a valid show cause order or equivalent legal process that contains full and unambiguous notification of the accusation of contempt. *Ex parte Gordon*, 584 S.W.2d at 690.

Appellant does not argue that the trial court's December 9, 2022 show-cause order was constitutionally sufficient, but instead asserts that she waived any objections to the show-cause order's lack of proper notice. But even were we the presume that appellant is correct, this does not end our inquiry into the validity of the trial court's December 13, 2022 contempt order.

Because the trial court's December 13, 2022 contempt order is criminal in nature,[10] it must be support by evidence establishing beyond a reasonable doubt:

---

[10] Contempt orders that involve commitment are considered "criminal contempt orders." *In re Patra*, No. 01-20-00651-CV, 2020 WL 7502495, at *3 (Tex. App.— Houston [1st Dist.] Dec. 22, 2020, orig. proceeding) (mem. op.) (internal quotations omitted).

(1) a reasonably specific order; (2) a violation of the order; and (3) the willful intent to violate the order. *Ex parte Chambers*, 898 S.W.2d 257, 259 (Tex. 1995) (orig. proceeding); *In re Daugherty*, No. 05-17-01129-CV, 2018 WL 3031705, at *5 (Tex. App.—Dallas June 19, 2018, orig. proceeding) (mem. op.). When there is no evidence of contempt by the accused, a contempt order is void. *In re Long*, 984 S.W.2d 623, 626–27 (Tex. 1999) (orig. proceeding); *In re Patra*, No. 01-20-00651-CV, 2020 WL 7502495, at *3 (Tex. App.—Houston [1st Dist.] Dec. 22, 2020, orig. proceeding) (mem. op.); *In re Daugherty*, 2018 WL 3031705, at *6 (contempt order void where no evidence supported finding that accused violated trial court's order).

Here, the trial court held a show-cause hearing on December 13, 2022. Although the appellate record contains a transcript from the hearing, no testimony was taken at the hearing and the trial court only admitted two exhibits into evidence. The first exhibit was an Order for Pretrial Supervision and Bond Conditions signed by the trial court on December 3, 2021 in trial court cause number 2384937—a different trial court cause number from the one in which the trial court held the show-cause hearing.[11] The second exhibit was the information charging appellant

---

[11] Stated differently, the trial court did not admit into evidence an order showing the bond conditions it had ordered appellant to comply with in trial court cause number 2435768.

with the misdemeanor offense of driving while intoxicated in trial court cause number 2435337.

Based on the record, we cannot say that the evidence at the show-cause hearing established beyond a reasonable doubt a reasonably specific order, that appellant violated that order, and that appellant willfully intended to violate that order. *See Ex parte Chambers*, 898 S.W.2d at 259; *see also McLean v. State*, 312 S.W.3d 912, 917 (Tex. App.—Houston [1st Dist.] 2010, no pet.) ("[A] criminal information is not evidence of guilt."). Thus, this renders the December 13, 2022 contempt order void. *See In re Long*, 984 S.W.2d at 626–27. Further, because the December 13, 2022 contempt order was void, the trial court had the power and the duty to vacate the void order irrespective of when its plenary power expired.

Because the trial court vacated the December 13, 2022 contempt order on which appellant's double-jeopardy complaint hinges, we hold that appellant did not establish that she was entitled to habeas relief and the trial court did not err in denying appellant's pretrial application for writ of habeas corpus.[12]

We overrule appellant's sole issue.

---

[12]    We note that appellant has also made an estoppel argument in her briefing, but she has not established its application to the circumstances of this case. *See* TEX. R. APP. P. 47.1.

**Conclusion**

We affirm the order of the trial court.

Julie Countiss
Justice

Panel consists of Justices Kelly, Countiss, and Rivas-Molloy.

Do not publish. TEX. R. APP. P. 47.2(b).