**Opinion issued August 26, 2025.**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-23-00174-CR**
_____

**EX PARTE ANGEL EUGENE**

---

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Case No. 1805500**

---

## MEMORANDUM OPINION

On April 2, 2024, this Court issued its memorandum opinion dismissing appellant's appeal of our denial of habeas corpus relief for lack of jurisdiction. Appellant petitioned for discretionary review. On July 31, 2024, the Texas Court of Criminal Appeals remanded the case to this Court to address whether the trial court had jurisdiction to dismiss the judgment of contempt it had entered almost one year before.

We now address appellant's claims on the merits and affirm the habeas court's judgment denying habeas corpus relief.

## Background

On February 9, 2022, the Harris County Criminal Court at Law No. 16 (the trial court), believing appellant violated a condition of her bond, entered an Order for Show Cause Hearing, ordering appellant to appear in the trial court on the following day

> at 9:00 a.m. to show cause, if any she has, why she should not be held in contempt and punished for failing to abide by the ORDERS of [the trial court], to-wit: Defendant committed a crime and/or engaged in conduct that resulted in her arrest in the above-entitled and numbered cause.

The following day, February 10, 2022, the trial court entered a judgment of contempt and commitment order. In its order, the trial court sentenced appellant to six months in jail, probated for one year, and to be released "to DDRP staff only."[1] On February 24, 2022, the trial court modified those probation conditions to require residential treatment at Women Helping Ourselves-Atascocita (WHO-A) and directed that appellant be released "to WHO-A staff only." On September 1, 2022, the trial court extended the term of probation for an additional year, set to expire on February 9, 2024. When doing so, the trial court added additional probation requirements that appellant serve five days in jail, provide a DNA

---

[1] "DDRP" refers to the Harris County Community Supervision and CorrectionsDepartment Dual Diagnosis Residential Program.

2

sample to the Texas Department of Public Safety, complete a Johns Course, and submit to STD testing every three months. On October 11, 2022, the trial court again committed appellant to DDRP and gave the directive to release appellant to DDRP staff only. On October 21, 2022, after learning that appellant did not qualify for DDRP, the trial court ordered residential treatment at WHO-A with a directive to release appellant to WHO-A staff only.

On February 3, 2023, appellant applied for a writ of habeas corpus in the 339th District Court (the habeas court), seeking relief from the contempt judgment. At that time, appellant was in a residential treatment program pursuant to the trial court's order. On February 6, 2023, the trial court issued an order purporting to dismiss its show cause order and an order purporting to set aside its contempt judgment of February 10, 2022. Appellant was then released from the residential treatment program. The habeas court issued the writ on February 13, 2023, and held a hearing on February 24, 2023. At the hearing, the habeas court denied relief. In its judgment, the habeas court indicated "[t]he prior judgment entered in cause number 239434001010 on 2/6/23 in the . . . County Criminal Court at Law Number 16th [sic], Harris County, Texas, shall remain in effect." Appellant timely filed her notice of appeal on February 28, 2023.

On April 2, 2024, this Court dismissed the appeal for lack of jurisdiction, reasoning that "the judgment of contempt which formed the basis of Eugene's

3

habeas petition was set aside, withdrawn, and dismissed by the County Criminal Court at Law No. 16," thereby rendering the habeas petition moot. *Ex parte Eugene*, No. 01-23-00174-CR, 2024 WL 1383400 (Tex. App.—Houston [1st Dist.] Apr. 2, 2024, pet. granted).

Appellant petitioned for discretionary review by the Texas Court of Criminal Appeals. On July 31, 2024, the Court of Criminal Appeals remanded the case to this Court to determine whether the trial court had jurisdiction to withdraw its contempt order. *Ex parte Eugene*, No. PD-0461-24, 2024 WL 3594455 (Tex. Crim. App. July 31, 2024).

### The Trial Court's Authority to Dismiss Its Show Cause Order and Set Aside Its Contempt Judgment

Appellant contends that the trial court lacked jurisdiction to dismiss its show cause order and set aside its judgment of contempt. We agree.

### A.    Applicable Law

In proceedings such as this one, the show cause order serves as the charging instrument giving the accused notice of the alleged offense. *Ex parte Estevez*, 713 S.W.3d 913, 919-20 (Tex. Crim. App. 2025). For a charging instrument in Texas to be valid and thus convey both personal and subject matter jurisdiction to the trial court, it must (1) charge a person (2) with committing an offense. *Jenkins v. State*, 592 S.W.3d 894, 902 (Tex. Crim. App. 2018) (citing TEX. CONST. art. V, § 12(b)); *see also In re Houston,* 92 S.W.3d 870, 877 (Tex. App.—Houston [14th Dist.]

2002, orig. proceeding) (holding a contempt judgment rendered without proper notification of when, how, and by what means person committed contempt, and that a criminal penalty and confinement are sought, violates requirements of due process resulting in void judgment). In the case of an order of contempt, it is void where the trial court lacks jurisdiction to enter it. *Estevez*, 713 S.W.3d at 919-20.

## B.    Analysis

Recently, the Court of Criminal Appeals held in a similar contempt proceeding that lack of notice rendered the contempt judgment void. *Id.* at 913.  In *Estevez*, thirty days after the contempt judgment, the trial court purported to dismiss its show cause order and set aside its contempt judgment after the accused sought habeas corpus relief. *Id.* at 917. The Court of Criminal Appeals found that the show cause order was void because it failed to provide Estevez sufficient notice. *Id.* at 919. Moreover, the Court of Criminal Appeals found that the contempt judgment based on the void show cause order was also void. *Id.* The Court of Criminal Appeals further clarified that the enforcement mechanism for alleged bond violations is set forth in chapter 17 of the Texas Code of Criminal Procedure and does not include contempt proceedings. *Id.* at 919.

The contempt judgment here is void because the show cause order, nearly identical to the one in *Estevez*, failed to allege an offense. The parties agree on this point. Notwithstanding the void judgment, appellant was confined to jail and

5

residential treatment for the better part of a year. The trial court issued subsequent, equally void orders adding conditions of supervision and extending the term of community supervision. Finally, the trial court issued void orders purporting to set aside the contempt judgment and dismissing the show cause order. *See id.*

The State argues that a trial court retains plenary power to withdraw a void order indefinitely. The State relies heavily on an opinion from this Court, *Metro. Transit Auth. v. Jackson*, 212 S.W.3d 797 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). *Jackson* does not apply to this case.

In *Jackson*, we held that the trial court retained plenary power to set aside a void judgment and enter a second judgment that complied with statutory notice requirements to the executive director of the Worker's Compensation Commission (WCC). *Jackson*, 212 S.W.3d at 803-04. After a jury trial and post-verdict negotiations, the parties agreed to a judgment awarding the plaintiff supplemental benefits and attorney's fees. *Id.* at 799. However, the parties failed to provide prior notice of the settlement and agreed judgment to the executive director of the WCC. *Id.* Section 410.258(f) of the Texas Labor Code provides that "[a] judgment entered or settlement approved without complying with the requirements of this section is void." *Id.* (citing TEX. LAB. CODE ANN. § 410.258(f)). To correct this error, the plaintiff sent the required notice to the executive director of the WCC, and subsequently moved for the trial court to enter an identical judgment nunc pro

tunc. *Jackson*, 212 S.W.3d at 800. The trial court entered the second judgment, which we upheld. *Id*. at 803-04.

We explained that, while the trial court had plenary power over the parties at the time of the first judgment, it lacked jurisdiction to enter it due to the lack of notice to the WCC. *Id*. at 802. Therefore, because the judgment was void and the case was ongoing, the trial court retained plenary power over the parties and jurisdiction to enter other orders when it signed the second judgment some months later, after obtaining jurisdiction through providing notice to the WCC. *Id*. The trial court had not only the ability, but the duty, to correct the inadvertent entry of a void judgment. *Jackson*, 212 S.W.3d at 802.

This case is distinguishable. Unlike the trial court in *Jackson*, the trial court here never properly obtained jurisdiction over appellant to render any orders because the charging instrument failed to meet the jurisdictional requirements of article V, section 12(b) of the Texas Constitution. *Estevez*, 713 S.W.3d at 919 (holding contempt judgment void where show cause order failed to give proper notice). For a charging instrument in Texas to be valid and thus convey both personal and subject matter jurisdiction to the trial court, it must (1) charge a person (2) with committing an offense. *Jenkins*, 592 S.W.3d at 902. While the charging instrument (the show cause order) in this case met the first requirement, naming appellant, it failed to allege an offense, instead accusing appellant of

7

"failing to abide by the ORDERS of this Court, to-wit: Defendant committed a crime and/or engaged in conduct that resulted in her arrest in the above entitled and numbered cause." As appellant pointed out in her pleadings, this language gives absolutely no notice as to what offense the appellant is accused of committing. *Estevez*, 713 S.W.3d at 913 (holding show cause order gave insufficient notice where it alleged that "defendant committed a crime and/or engaged in conduct that resulted in his arrest" without specifying what crime or conduct).

As such, the orders dismissing the show cause order and setting aside the judgment of contempt are also void because the trial court lacked jurisdiction due to the deficient charging instrument. *See id*.; TEX. CONST. Art. V, § 12(b).

## Appellant Was Not Entitled to Habeas Corpus Relief

Appellant argues that she was entitled to habeas corpus relief as she was confined by the trial court's void contempt judgment. We disagree.

### A. Standard of Review

Generally, we review a ruling on an application for writ of habeas corpus for an abuse of discretion. *Ex parte LaValle*, 705 S.W.3d 832, 838 (Tex. App.—Houston [14th Dist.] 2024, pet. ref'd).

However, an abuse of discretion standard of review is not necessarily appropriate in the context of the application of law to facts when the decision does not turn on the credibility or demeanor of witnesses. *Ex parte Martin*, 6 S.W.3d

8

524, 526 (Tex. Crim. App. 1999) (noting appropriate standard of review of habeas court's decision is de novo where facts are uncontested). When the trial judge is not in an appreciably better position than the reviewing court to make that determination, a de novo review by the appellate court is appropriate. *Id.* (quoting *Guzman v. State*, 955 S.W.2d 85 (Tex. Crim. App. 1996)). This case falls under the de novo standard of review because no witnesses testified, and the facts are undisputed.

**B.     Habeas Corpus and Restraint**

An applicant seeking habeas corpus relief bears the burden of establishing by a preponderance of the evidence that the facts entitle her to relief. *Ex parte Reed*, 402 S.W.3d 39, 41-42 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). In a case such as this one where appellant raises a collateral challenge to her contempt judgment, the burden is on the applicant to prove that her contempt judgment was void for lack of notice. *See Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979). An applicant must also show that she is restrained in her liberty, although restraint is construed liberally to include collateral consequences. *Ex parte Davis,* 748 S.W.2d 555 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd) (holding applicant still confined by collateral consequences of misdemeanor convictions for driving while intoxicated after having served all punishment and paid all fines).

"The writ of habeas corpus is the remedy to be used when any person is restrained in his liberty." TEX. CODE CRIM. PROC. art. 11.01. Although restraint includes actual incarceration, it can also include other means of control over the person of another. *Id*. art. 11.21. This includes not only detaining that person within certain limits, but also "to subject him to the general authority and power of the person claiming such right." *Id*. art. 11.22. Both of our courts of last resort hold that "any character of restraint which precludes absolute and perfect freedom of action will justify issuance of the writ." *Ex parte Kleinman*, PD-0966-24, — S.W.3d — (Tex. Crim. App. 2025) (designated for publication) (quoting *Ex parte Calhoun*, 91 S.W. 1047, 1048 (Tex. 1936)).

The issue becomes whether appellant was still restrained as defined in chapter 11 of the Texas Code of Criminal Procedure to determine whether appellant was entitled to habeas corpus relief when appellant was no longer confined to probation and forced treatment, and her void judgment was ostensibly set aside. *See* TEX. CODE CRIM. PROC. art. 11.01. Again, restraint goes beyond confinement within certain limits, applying also when one subjects the applicant to "the general authority and power of the person claiming such right." *Id*. art. 11.22.

In *Ex parte Eureste*, 725 S.W.2d 214 (Tex. Crim. App. 1986) (en banc), the Texas Court of Criminal Appeals addressed whether a habeas corpus applicant was restrained when not physically confined by a contempt judgment. The applicant

10

was held in contempt for refusing to provide documents pursuant to a grand jury subpoena. *Id.* at 215. Although the applicant had been confined to the jail at one point, at the time the Texas Court of Criminal Appeals decided his case, he was no longer in custody and released pursuant to an invalid appeal bond.[2] *Id.* at 216. The Court of Criminal Appeals held that the applicant was not restrained by either the contempt judgment or the invalid bond and therefore did not properly invoke the court's habeas corpus jurisdiction. *Id.*

Similarly, here appellant was no longer restrained as she had been released from treatment and was no longer under community supervision. As in *Eureste*, although the orders that prompted appellant's release—the orders setting aside the contempt judgment and dismissing the show cause order—were invalid, she was nevertheless released from restraint. It is clear from the record that the habeas court denied relief believing that the trial court's February 6, 2023 orders purporting to dismiss the show cause order and set aside the contempt judgment had effectively released appellant from the trial court's restraint:

> [Habeas court:] Okay. And just my understanding is the conviction has been dismissed and vacated. Correct?

> [Appellant's counsel:] The trial court purported to do that. I think there's a question of whether that's actually effective.

---

[2]    There is no mechanism for appeal from a contempt judgment. *Ex parte Eureste*, 725 S.W.2d 214, 216 (Tex. Crim. App. 1986) (en banc).

11

[Habeas court:] And my understanding based on what's been submitted is the probation was alleged to have been started on February 10th of 2022 for a year and it was to be concluded on February 10th of 2023. And this was dismissed on February 6, 2023 before the conclusion of said probation?

[Appellant's counsel:] That sounds like the right dates, your honor.

[Habeas court:] All right. Well, it will be denied. All right. We're good to go.

The habeas court further indicated in its judgment that it deemed the orders setting aside the contempt judgment and dismissing the show cause order to be effective, stating that "[t]he prior judgment entered in cause number 239434001010 on 2/6/23 in the . . .County Criminal Court at Law Number 16th [sic], Harris County, Texas, shall remain in effect." As discussed above, all these orders were void for lack of jurisdiction. Furthermore, there is no argument or evidence in this record demonstrating collateral consequences from a void judgment of contempt that would rise to the level of restraint. The habeas court was correct in denying relief, as appellant was no longer confined, but incorrect in giving effect to the void February 6, 2023 order. For these reasons, denial of habeas corpus relief was appropriate.

## Conclusion

We affirm the habeas court's order denying relief.

                                        Amparo "Amy" Guerra
                                        Justice

Panel Consists of Justices Guerra, Gunn, and Dokupil.

Do not publish. TEX. R. APP. P. 47.2(b).